22143. PAIGE v. THE STATE.

Argued September 9, 1963—Decided January 10, 1964—
Rehearing denied January 22, 1964.

*Welborn B. Davis, Jr., Willis G. Haugen,* for plaintiff in error. *Wright Lipford, Solicitor General, Eugene Cook, Attorney General, Rubye G. Jackson, Assistant Attorney General,* contra.

Head, Presiding Justice. Frank Paige was indicted and con-

victed on a charge of rape, and sentenced to be electrocuted. His motion for a new trial as amended was denied and the exception is to this judgment.

■ Amended ground 7 is an elaboration of the general grounds and is based upon the contention that the evidence failed to support the verdict. As to the general grounds and amended ground 7, the State's evidence shows, briefly, that: The defendant unlawfully entered the home where the victim was asleep in the early morning hours of March 14, 1962. He removed his shoes at the door, went down the hall, entered the bedroom of the victim, a young girl 12 years of age, and choked her into unconsciousness. Her mother, asleep in an adjoining bedroom, heard her daughter moan, got up and went into her daughter's bedroom, turned on the light, and found the defendant on the bed on top of her daughter. The mother seized the defendant, pulled him off her daughter, screamed, and struggled with the defendant. The defendant broke loose, and started down the hall. The defendant met the father in the hall, turned into a room occupied by another child, and finding himself in a room with the father blocking the exit by the door, jumped through a small window, knocking out the screen and the window sash in its entirety, and escaped. While neither the mother nor the father knew the defendant, both had opportunity to see him in the light, and both identified him positively at the trial as the perpetrator of the crime. The doctor who examined the victim soon after the attack testified to facts indicating that someone had had sexual intercourse with her.

Counsel for the defendant strongly insist that while the victim was choked into unconsciousness, it was not shown that she did not consent before she lost consciousness. The victim testified that she struggled with her attacker before losing consciousness. The State's evidence amply supports the allegation in the indictment that the intercourse was accomplished "forcibly and against her will." The undisputed evidence, however, shows that the victim was 12 years of age at the time of the assault upon her by the defendant. In this State a female under the facts of this case is legally incapable of consenting to sexual intercourse, and this is true even though the indictment makes no allegation as

to age. *Echols v. State,* 153 Ga. 857 (113 SE 170); *Wright v. State,* 184 Ga. 62 (190 SE 663).

■ Ground 1 of the amended motion for a new trial assigns error on the refusal of the court to declare a mistrial. In response to a question by the solicitor general with reference to an alleged statement made by the defendant to the sheriff, the sheriff replied, "He stated this: that on the night of the 13th, he went to Rocky Hill and got some liquor, drank a half a pint and put another pint in a coffee jar." Whereupon counsel for the defendant stated: "Now, your Honor, we move for a mistrial on the basis that this was an independent crime and was not connected with this and it's inadmissible and prejudicial to the defendant." Under other testimony of Sheriff Potts it appears that the purchase of the liquor and its consumption by the defendant was prior to the alleged crime and that the coffee jar was found just outside the house where the crime of rape was alleged to have been committed, with a "least bit of whiskey in it." It further appears that this jar did not have on it any Georgia revenue stamps indicating payment of tax.

Neither the State's evidence, nor the defendant's alleged account of his acts to Sheriff Potts, is sufficient to show a wholly independent crime unrelated to the crime of rape. However, where the language of an incriminating statement or confession made by the accused indicates that the accused has committed another separate offense, a motion for mistrial based upon the admission of such incriminatory statement or confession is properly denied. *Reed v. State,* 197 Ga. 418 (6) (29 SE2d 505); *Calhoun v. State,* 210 Ga. 180 (2) (78 SE2d 425); *Ledford v. State,* 215 Ga. 799 (6) (113 SE2d 628).

■ In ground 2 of the amended motion for a new trial it appears that State's counsel was examining the Reverend Robert D. Baggett, Jr., and propounded the following question: "Did Frank Paige sign a statement which I hand to you, dated March 14th?" Counsel for the defendant then stated: "Your Honor, we object to anything about this statement. We like to have the jury excused." The jury retired from the courtroom, and counsel for the defendant stated: "We object to any statement by the defendant to any police officer until such time it's shown

that he was arrested under legal process of a warrant and taken before a committal hearing."

Counsel for the defendant insist that amended grounds 2, 3, 4, 5, and 6 all relate to an alleged illegal search and arrest and that they may properly be argued and considered together. We will consider the issue made by these grounds in the manner suggested by counsel.

The direct and circumstantial evidence conclusively showed that the defendant committed the crime charged. The State's exhibits were not subject to any objection urged by the defendant that they were improperly admitted in evidence. While it appears that neither the father nor mother knew the defendant, they had ample opportunity to see him and must have been able to give a reasonably accurate description of him to the officers. The police officer who arrested the defendant did not testify. It appears from the sheriff's testimony that the defendant was arrested on the date of the crime without a warrant, and that a warrant was issued the following day. Under the rule that an arrest may be made without a warrant where "there is likely to be a failure of justice for want of an officer to issue a warrant," (*Code* § 27-207), no violation of any rights of the defendant are shown by the facts of this case.

Counsel for the defendant strongly insist that the present case is controlled by the ruling of the Supreme Court of the United States in Mapp v. Ohio, 367 U.S. 643 (81 SC 1684, 6 LE2d 1081). Under the ruling in the Mapp case no State court can deny to a defendant rights guaranteed by the United States Constitution. The Mapp case is not factually in point with the present case. Under the facts of the present case, amended grounds 2, 3, 4, 5, and 6 do not show any violation of any of the defendant's constitutional rights. Ker v. California, 374 U.S. 23 (83 SC 1623, 10 LE2d 726).

■ In the present case there was direct positive testimony as to the defendant's guilt, and the trial judge did not err in failing to charge the law pertaining to circumstantial evidence. "A charge to the jury on circumstantial evidence is required only when the case is wholly dependent thereon." *Williams v. State,* 196 Ga. 503 (26 SE2d 926).

*Judgment affirmed. All the Justices concur.*