Frank **PAIGE**, Appellant,

v.

A. L. **POTTS**, Sheriff, Coweta County, Georgia, Appellee.

No. 21975.

United States Court of Appeals
Fifth Circuit.

Dec. 21, 1965.

Welborn B. Davis, Jr., Willis G. Haugen, Newnan, Ga., for appellant.

Wright Lipford, Sol. Gen., Newnan, Ga., Alfred L. Evans, Jr., Asst. Atty. Gen., Atlanta, Ga., Eugene Cook, Atty. Gen., Albert Sidney Johnson, Asst. Atty. Gen., for appellee.

Before TUTTLE, Chief Judge, and BELL and COLEMAN, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge:

Appellant is a state prisoner sentenced to die for rape. This appeal is from the denial of a petition for writ of habeas corpus without a hearing in the District Court.

The offense of rape was committed in the early morning hours of March 14, 1962 upon a twelve year old victim. Appellant was seen by the victim's mother and father but escaped. He was not known to the mother and father so the investigation which began almost immediately was not centered on him. He was arrested without a warrant at about 8:30 A.M. on the same morning. The record is silent as to what provoked his arrest.

Upon being taken to the sheriff's office, he made an incriminating statement to the sheriff regarding his presence at the scene of the crime for the purpose of committing burglary. A blue sock was taken from his coat pocket at the time and it matched a blue sock found on the victim's bed. He also identified a pair of shoes which had been left in the victim's home as being his.

The mother and father of the victim identified appellant on the trial, and the incriminating statement made to the sheriff, the shoes, and the matching socks were introduced against him. He was found guilty and sentenced to death. The Supreme Court of Georgia affirmed. Paige v. State, 1964, 219 Ga. 569, 134 S.E. 2d 793.

The petition for the writ was then filed in the District Court together with

a complete record of the proceedings in the state court. The District Court, although cognizant of its duty under Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 to hold an evidentiary hearing where indicated, nevertheless determined that it was clear from the record that appellant had not been deprived of any federal constitutional right. The writ was thereupon denied without a hearing, and the issue is whether the denial of a hearing constituted error.

One of the mandates of Townsend v. Sain is that a federal habeas court must hold an evidentiary hearing if the state trial court has not had a full hearing on the relevant facts underlying the federal constitutional question asserted as error. Here the question asserted rests on Mapp v. Ohio, 1961, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, making the Fourth Amendment applicable to the states under the Fourteenth Amendment to the Constitution. The contention is that appellant's arrest was illegal and that the Fourth Amendment was violated through the admission in evidence, over objection, of the sock which was seized while appellant was being illegally detained under the arrest, and through the admission of appellant's incriminating statement regarding his presence at the scene, and his ownership of the shoes found at the scene.

We need not proceed to the point of determining whether error existed by virtue of the admission of this evidence but only whether an evidentiary hearing in the District Court was indicated. The state court record demonstrates that appellant was arrested without a warrant at a time when he was not specifically a suspect. The suspect had not been identified. No evidence was adduced on the question of how appellant happened to be arrested, whether he met the description of the rapist or otherwise.

The Georgia arrest statute, Georgia Code § 27–207,[1] authorizes an arrest without a warrant, when, among other circumstances, there is likely to be a failure of justice for want of an officer to issue a warrant. The Supreme Court of Georgia on the appeal of this conviction, Paige v. State, supra, relying on this portion of the Georgia statute, concluded that there was no error in the admission of this evidence. Ker v. State of California, 1963, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed. 726, was cited as authority, and without further discussion the court said:

"* * * The State's exhibits were not subject to any objection urged by the defendant that they were improperly admitted in evidence. While it appears that neither the father nor mother knew the defendant, they had ample opportunity to see him and must have been able to give a reasonably accurate description of him to the officers. The police officer who arrested the defendant did not testify. It appears from the sheriff's testimony that the defendant was arrested on the date of the crime without a warrant, and that a warrant was issued the following day. Under the rule that an arrest may be made without a warrant where 'there is likely to be a failure of justice for want of an officer to issue a warrant,' (Code § 27–207), no violation of any rights of the defendant are shown by the facts of this case."

The most recent Georgia decision on the subject may have equated this provision of the Georgia statute with the probable cause test, or at least whether there is likely to be a failure of justice for want of an officer to issue a warrant is tested by the presence or absence of probable cause. In Pistor v. State,

1. Georgia Code § 27–207 provides:
    "An arrest for a crime may be made by an officer, either under a warrant, or without a warrant if the offense is committed in his presence, or the of-fender is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant."

1963, 219 Ga. 161, 132 S.E.2d 183, the Supreme Court of Georgia said:

"* * * The fact that the alleged confession was made before a warrant had been executed does not render it inadmissible on the ground that it was made while the defendant was illegally detained. * * * Under Code § 27–207 an arrest may be made by an officer without a warrant if for some cause there is likely to be a failure of justice for want of an officer to issue a warrant. The evidence in the record shows that the arresting officers had reasonable grounds to suspect the defendant of being a party to the killing of her husband and that a failure of justice might result if an arrest was not made at that time. Probable cause for the arrest of Mrs. Pistor, even if it cannot be said to have been present at the time the officers were admitted to Mrs. Pistor's home, was most surely present at the time the arrest took place, which, according to the testimony of detective Ivey, was after he had discovered that the co-conspirator Pugh was attempting to escape through a rear window of the house. Compare Ker v. [State of] California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726."

See also Croom v. State, 1890, 85 Ga. 718, 11 S.E. 1035 supporting a probable cause basis for an arrest without a warrant for a felony, and contra: Conoly v. Imperial Tobacco Co., 1940, 63 Ga.App. 880, 12 S.E.2d 398. In any event appellant here, for aught that appears in the record, was not arrested for a felony. He was simply "picked up."

■■ The rule is that the test to be applied in a federal habeas court in testing the legality of an arrest is federal probable cause. The state law of arrest may be narrower but it may not exceed the federal constitutional standard of probable cause. Ker v. State of California, supra. So tested, we are unable to discern a basis in the record to support a finding of probable cause within the federal constitutional concept. It may be that the state can come forward with sufficient evidence of probable cause on a hearing but in the present state of the record an evidentiary hearing was indicated.[2]

After hearing on remand, and in the event the District Court concludes that appellant is not entitled to relief, the petition for the writ will of course be denied. On the other hand, if relief is indicated, the matter should be given such direction as will afford the state, if it desires, an opportunity to retry appellant. See Cobb v. Balkcom, 5 Cir., 1964, 339 F.2d 95.

Reversed and remanded for further proceedings not inconsistent herewith.

---

**2.** Appellant has not urged an error of the Escobedo type, Escobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. However, an incriminating statement is involved and Fifth and Sixth Amendment questions may be presented with respect to it. We think good judicial administration requires the avoidance of piecemeal appeals and to this end the District Court on remand should require appellant to assert any and all matters considered by him violative of his federal constitutional rights.