**Floyd Lavon RUSSELL, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 25454.

United States Court of Appeals
Fifth Circuit.

June 17, 1968.

Floyd B. Chaite, Macon, Ga., for appellant; Westmoreland & Patterson, Macon, Ga., of counsel.

Manley F. Brown, Asst. U. S. Atty., Floyd M. Buford, U. S. Atty., D. L. Rampey, Jr., Macon, Ga., for appellee.

Before BROWN, Chief Judge and BELL, Circuit Judge, and HOOPER, District Judge.

## PER CURIAM:

This is an appeal from a conviction of possession of counterfeit currency in violation of 18 U.S.C.A. § 472. The District Court denied a motion to suppress a number of counterfeit twenty dollar bills and that denial is the basis of this appeal.

Appellant, a truck driver, gave a ride to a Mr. Wall on the day of appellant's arrest. Appellant had given Wall two counterfeit twenty dollar bills while riding from Statesboro to Macon. Wall reported this to the sheriff's office where he was questioned and he stated that appellant had offered to sell him counterfeit money and had given him the two bills as samples. Wall told the officers that appellant had about fifty more bills and that he was parked at a certain truck stop. The arresting officer interrogated Wall, examined the money, and then related the facts to the state prosecutor who called the issuing magistrate, the deputy clerk of the Civil Court of Bibb County, Georgia. The officer then went to the deputy clerk's home, executed an affidavit, and an arrest warrant was issued for the arrest of appellant. This officer and the others proceeded to the truck stop, arrested appellant, searched him and the cab of the truck and found forty nine counterfeit bills.

Appellant moved to suppress the bills as the fruit of an illegal search. The motion was denied. The district judge was of the opinion that the arrest was valid and lawful since the arresting officer had probable cause for believing that appellant was then committing a felony by possessing the bills; hence the subsequent search was valid as being incidental to the arrest. The District Court specifically did not rule on the validity of the warrant.

Appellant has centered his attack on the validity of the arrest warrant but we do not reach that issue. Regardless of the validity of the warrant, the search and the seizure of the bills, under the circumstances, was not invalid. The search followed a valid arrest since it appears that the arresting officers had such knowledge as would meet the Georgia statutory test for an arrest without an arrest warrant. See Nicholson v. United States, 5 Cir., 1966, 355 F.2d 80; Paige v. Potts, 5 Cir., 1965, 354 F.2d 212.

As to Federal constitutional standards, the Supreme Court has held that an arrest without a warrant would be constitutionally valid if at the time of the arrest the arresting officer had knowledge of facts and circumstances or reasonably trustworthy information which would warrant a prudent man in believing that the petitioner had committed or was committing an offense. McCray v. State of Illinois, 1967, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62; Beck v. State of Ohio, 1964, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142.

In this case appellant was committing an offense. The arresting officer had been told by Mr. Wall that appellant had counterfeit money in his possession. Wall supported his story with two of the counterfeit bills. Wall told the officer where the truck could be found. Appellant was in the truck cab and could have driven away on a moment's notice. These facts demonstrate that appellant was committing a felony and a warrantless search was justified as being incidental to a valid arrest. See Cuozzo v. United States, 5 Cir., 1963, 325 F.2d 274.

Affirmed.