**Jack Marvin FARLEY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 25911.**

United States Court of Appeals
Fifth Circuit.

Nov. 14, 1968.

Albert Sidney Johnson, Atlanta, Ga., for appellant.

Allen L. Chancey, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before JOHN R. BROWN, Chief Judge, TUTTLE, Circuit Judge, and FISHER, District Judge.

PER CURIAM:

Appellant on August 22, 1967, entered a plea of not-guilty to an indictment brought under 18 U.S.C.A. § 2113(c), for possessing and concealing travelers checks which had been stolen from a na-tional bank. On November 9, 1967, appellant appeared for trial, and changed his plea of not-guilty to a plea of nolo contendere. The trial judge accepted the nolo plea and sentenced appellant to ten years in prison to run concurrently with the sentence he was then serving. Further, the Court amended the sentence to provide that appellant might become eligible for parole at such time as the Parole Board may determine under the provisions of 18 U.S.C. § 4208(a) (2).

On November 11, 1967, the appellant filed a motion to reduce sentence or in the alternative to reinstate his plea of not-guilty. This motion was denied, and the only question presented by the appeal is whether the trial court erred based upon appellant's contention that in some way he was misled to believe that if he changed his plea from not-guilty to nolo contendere he would receive a lighter sentence.

Although we believe the discretion of the trial Court should be liberally applied, where there appears even the remotest possibility that the defendant might misunderstand, the Court has the right to exercise its discretion in denying the motion to vacate the nolo contendere plea. Meaton v. United States, 328 F.2d 379 (5 Cir. 1964); Burns v. United States, 323 F.2d 269 (5th Cir. 1963).

At the time of entering the plea of nolo contendere, appellant stated that he understood the nature of the offense with which he was charged and the maximum sentence that he could receive. Under the facts, we do not see how the appellant could have been misled in changing his plea and, further, we are not able to see how the appellant can suffer any harm under the Section 4208(a) (2) sentence when this sentence, in effect, provided that appellant would be eligible for parole at the same time that he would be eligible under his prior sentence.

Affirmed.