Gary Clarke CRONE and William Raymond Chontos, Appellants,

v.

UNITED STATES of America, Appellee.

No. 25754.

United States Court of Appeals Fifth Circuit.

May 20, 1969.

A. Ed Wallace, Jr., Jonesboro, Ga., for appellants.

Allen L. Chancey, Jr., Asst. U. S. Atty., Atlanta, Ga., Charles L. Goodson, U. S. Atty., for appellee.

Before JOHN R. BROWN, Chief Judge TUTTLE, Circuit Judge, and FISHER, District Judge.

FISHER, District Judge:

The appellants Gary Clarke Crone and William Raymond Chontos raise two is-

sues on appeal: (1) Illegal arrest and search; and (2) Failure of the government to prove a *prima facie* case.

Crone and Chontos were indicted on May 14, 1967, along with Jack Marvin Farley and James Larry Pennington, for possessing and concealing certain travelers checks of a value in excess of $100.00, which had been stolen from a national bank, knowing the same to have been so taken, in violation of 18 U.S.C. § 2113(c).

On November 9, 1967, the appellant Farley was sentenced to 10 years in prison on a plea of nolo contendere, which conviction was affirmed by this Court per curiam November 14, 1968. Farley v. United States of America, 404 F.2d 68.

On December 13, 1967, appellants Crone and Chontos were convicted by a jury and sentenced to 10 years imprisonment, subject to becoming eligible for parole at such time as the Parole Board may determine under the provisions of 18 U.S.C. § 4208(a) (2). A mistrial was declared as to appellant Pennington when the jury was unable to agree on a verdict.

The appellants Crone and Chontos filed pre-trial motions to suppress evidence (travelers checks) on the basis of an illegal search and seizure, and contend that the trial court erred in denying the motion to suppress.

We are again confronted with the all too frequent question of whether the arrest made and search conducted by state officers were illegal under the particular facts of the case.

■ The rule seems to be that in the absence of an applicable Federal Statute, the law of the state where an arrest without a warrant takes place, determines its validity. United States v. Di Re, 322 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948). Such an arrest must meet the requirements of constitutional standards. Burks v. United States, 287 F.2d 117, 122 (9th Cir.1961).

Title 27, Sec. 207, Georgia Code Annotated, provides:

"An arrest for a crime may be made by an officer, either under a warrant, or without a warrant if the offense is committed in his presence, or the offender is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant."

■■ Judge Bell, in Paige v. Potts, 354 F.2d 212, 213 (5th Cir.1965) determines the Georgia test of whether there is likely to be a failure of justice for want of an officer to issue a warrant, by the presence or absence of probable cause. Testing the arrest made against both the state rule and the federal rule of probable cause, as was done in Nicholson v. United States, 355 F.2d 80, 83 (5th Cir.1966), we feel that the state officers had probable cause to make the arrest of appellants Crone and Chontos and, further, that there was likely to be a failure of justice for want of an officer to issue a warrant if the state officers had not in fact made the arrest when it was made. Police Chief Conner of Griffin, Georgia, had been furnished a detailed description of the appellant Chontos by the F.B.I. in another city, and he knew such an individual, identifying himself as Paul J. Smith, Jr. of Fort Lauderdale, Florida, had possessed and cashed $320.00 in First National Bank of New York travelers checks at the Western Union office in Valdosta, Georgia, in payment of the Western Union money order to be telegraphed to a Richard Nelson in care of "will call" at the Western Union office in Griffin, Georgia. Chief Conner further knew that the travelers checks had been stolen in a bank burglary in South Carolina a few days earlier and he also learned from the manager of the Western Union office in Griffin, Georgia, that one of the two individuals he had seen leaving from the direction of the Western Union office had inquired about the money order in question. When he saw and recognized Chontos from the description given him by the F.B.I., he was justified and had probable cause for making the arrest of Chontos.

Seated in a white Lincoln automobile nearby were the appellants Crone, Farley and Pennington. Chief Conner recognized Crone and Pennington as the two individuals he had seen leaving from the direction of the Western Union office, and one of whom he knew had inquired about the money order in question. When he approached the automobile all three jumped out and ran. He fired a shot but all three continued to flee. Certainly under the circumstances he did not have the time to obtain a warrant of arrest, and it is hard to conceive of a situation which would fall more completely within the provisions of the Georgia Code, supra. Further, Chief Conner had probable cause for making the arrest in that he knew that at least one of these defendants had inquired about the money order in question and was involved in some scheme to violate the law.

■■ The search of the automobile followed as incidental to the arrest and was justified and proper. The only fact raising any question at all was the search which began immediately after the arrest of Crone and Pennington (Farley having succeeded in escaping) was continued after the car was removed approximately one block to the Police Station and the travelers checks were found in a newspaper on the floor in front of the rear seat. Appellants contend this search was illegal and not incidental to the arrest. Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964). A distinction can be made in the facts of our case and the *Preston* case in that the facts of our case are more in line with Cooper v. California, 386 U.S. 58, 70, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967); Price v. United States, 121 U.S.App.D.C. 62, 348 F.2d 68 (1965), cert. den. 382 U.S. 888, 86 S.Ct. 170, 15 L.Ed.2d 125 (1965). The test seems to be reasonableness and each case is to be decided on its own facts. The rule being that a search of a vehicle must be contemporaneous with the arrest, but it is not so strictly construed as to not allow for a short period of time. The interval between the beginning and end of the search was not such as to break the continuity of the search and we, therefore, hold that the search of the automobile was incidental to the arrest. In view of our holding, it is not necessary to discuss the legality of the search on the basis of abandonment.

■ The other issue raised by the appellants Crone and Chontos is that of insufficient evidence to support their conviction. The evidence shows that appellants Crone and Chontos had possession, actual or constructive, of the stolen travelers checks. There was sufficient evidence, together with all reasonable inferences, such as would be drawn from "flight" and the use of "fictitious names," and the cashing of some of the travelers checks from which the jury could and did conclude beyond a reasonable doubt that appellants knew the checks were stolen. A conviction may be supported and sustained by either circumstantial evidence or direct evidence. It is conceded by the government that their case against appellants is mostly circumstantial evidence. In many instances, however, circumstantial evidence is the stronger and more effective of the two.

■ There is no direct evidence that the appellants knew the travelers checks were stolen from a bank, but there is circumstantial evidence. Possession of property recently stolen, if not satisfactorily explained, is ordinarily a circumstance from which the jury may reasonably draw the inference and find, in the light of surrounding circumstances shown by the evidence in the case that the person in possession not only knew the property was stolen but also participated in some way in the theft of the property. McNamara v. Henkel, 226 U.S. 520, 524–525, 33 S.Ct. 146, 57 L.Ed. 330 (1913); Dunlop v. United States, 165 U.S. 486, 17 S.Ct. 375, 41 L.Ed. 799 (1897); Wilson v. United States, 162 U.S. 613, 619–620, 16 S.Ct. 895, 40 L.Ed.

1090 (1896); Morandy v. United States, 170 F.2d 5, 6 (9th Cir.1948); Bollenbach v. United States, 326 U.S. 607, 616, 66 S.Ct. 402, 90 L.Ed. 350 (1946); Riggs v. United States, 280 F.2d 949 (5th Cir.1960).

Viewing the evidence most favorable to the Government, we hold it sufficient to support the conviction. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Gilliland v. United States, 385 F.2d 912 (5th Cir.1967); Newsom v. United States, 335 F.2d 237 (5th Cir.1964); Riggs v. United States, 280 F.2d 949 (5th Cir. 1960).

Affirmed.