**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Charles Gasper SALVO, Defendant-**
**Appellant.**

No. 71–1020
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 3, 1971.

Certiorari Denied Oct. 19, 1971.

See 92 S.Ct. 218.

Robert C. Stone, J. Leonard Fleet, Hollywood, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Marsha L. Lyons, Asst. U. S. Atty., Miami, for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

THORNBERRY, Circuit Judge:

Charles Gasper Salvo was indicted for receiving and possessing 59 Westinghouse air conditioners, valued in excess of $100, and 67 cases of Miller's High Life beer, valued in excess of $100, sto-

---

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

len while moving in interstate commerce, and knowing same to be stolen, in violation of 18 U.S.C. § 659. A jury subsequently found him guilty as charged, and he was sentenced to a period of incarceration of two and one-half years. He appeals, and we affirm.

During the course of the trial appellant moved for the suppression of the evidence on the grounds that there was no probable cause for the search of the premises upon which the stolen articles were found and no probable cause for his arrest. The district court denied the motion, a determination that appellant, as his first point of error, attacks as erroneous. The search and arrest were made in the following circumstances. Police officers, acting on the tip of an informant who had purchased a Westinghouse air conditioner bearing the serial number of one that had recently been stolen from a railroad boxcar in Fort Lauderdale, Florida, had placed under surveillance a certain blue panel truck and its occupants, two young men who were believed to be involved in the theft. On the date in question the officers followed the truck to the rear of the Roman Candle Restaurant in Plantation, Florida. After the officers observed the men loading boxes into the truck, which was parked in an alley separating the shopping center in which the restaurant is located from the business adjacent to it, the officers advanced toward the suspects. While one officer walked toward the suspect in the truck, another officer walked toward the restaurant's back door, which opened onto the alley. Through the open door he observed two uncrated air conditioners and stacks of boxes that bore the imprint "Westinghouse." In addition, he saw a stack of red and white boxes marked "Miller." When he identified himself as an officer, the subject inside the building slammed the door and bolted the lock. The officer then entered the restaurant through a side door, located the owner, explained what had transpired, and secured his permission to search the storage room in which the subject was believed to be hiding and in which the beer and air conditioners were resting. Upon entering the room, the officer discovered that the subject had fled but had been apprehended by another officer. A canvass of the serial numbers of the air conditioners confirmed that they were indeed the stolen items. After learning from the restaurant's owner that the stolen items had been placed in the storeroom by one Charles Salvo and a companion, the officers proceeded to the grocery store in which appellant was a part-time employee and placed him under arrest.

■ The Supreme Court has noted that "[I]t has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced into evidence." Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067 (1968). In the instant matter the officer was lawfully in the alley that ran alongside the restaurant, and while standing there he merely observed what was within his plain view through the open door. Moreover, before actually entering the storage room in hot pursuit of a suspect, he secured the owner's permission to search the room. Contrary to appellant's contention, the officer's actions do not constitute an illegal search. See Gil v. Beto, 5th Cir. 1971, 440 F.2d 666; Ponce v. Craven, 9th Cir. 1969, 409 F.2d 621, certiorari denied, 397 U.S. 1012, 90 S.Ct. 1241, 25 L.Ed.2d 424 (1970); Marullo v. United States, 5th Cir. 1964, 328 F.2d 361.

■ Nor was Salvo's subsequent arrest without a warrant unconstitutional under Fourth Amendment standards. An arrest without a warrant is constitutionally valid if at the moment the arrest was made the arresting officers had probable cause to make it. "Probable cause" exists when the arresting officers have knowledge of facts and circumstances or reasonably trustworthy information that would lead a prudent man reasonably to believe that the arrested person had committed or was

committing an offense. Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 12 L. Ed.2d 142, 145; United States v. Lipscomb, 5th Cir. 1970, 435 F.2d 795; Russell v. United States, 5th Cir. 1968, 396 F.2d 771, 772. On the basis of the facts set out above, we hold that probable cause existed to justify Salvo's arrest without a warrant. It follows that the district court did not err in denying appellant's motion to suppress the evidence.

Appellant makes the further contention that the trial judge, by his comments during the trial, intervened in a manner that deprived appellant of a fair trial as guaranteed by the Sixth Amendment. This Court has articulated the standards governing a trial judge's conduct during the course of a trial in, inter alia, Bursten v. United States, 5th Cir. 1968, 395 F.2d 976, and Moody v. United States, 5th Cir. 1967, 377 F.2d 175. We have carefully measured the remarks made by the trial judge in the instant matter against these standards and found no basis for declaring that the remarks deprived appellant of a fair trial.

Accordingly, we affirm.

Affirmed.