## 27807. CALDWELL v. PAIGE.

SUBMITTED MARCH 12, 1973 — DECIDED APRIL 13, 1973.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Dorothy T. Beasley, Assistant Attorneys General,* for appellant.

Frank Paige, *pro se.*

GRICE, Presiding Justice. The issue on this appeal is whether the sentencing procedure following petitioner's indictment was a trial by jury or in substance a plea of guilty.

This issue arose in the trial of a habeas corpus case filed in the Superior Court of Tattnall County by Frank Paige, the petitioner, against E. B. Caldwell, Warden of the Georgia State Prison, the respondent. The petition alleged in substance that Paige's conviction in 1962 for rape and his sentence of death resulted in his unlawful detention because of systematic exclusion of Negroes from grand and petit juries. For prior appearance wherein this court affirmed the conviction, see *Paige v. State,* 219 Ga. 569 (134 SE2d 793).

Subsequently Paige sought relief in the federal courts. He was unsuccessful in an action filed in the Northern District of Georgia, but this was reversed by the Court of Appeals for the Fifth Circuit. Paige v. Potts, 354 F2d 212 (1965). Consequently, the District Court entered a consent order granting Paige a new trial in which the State would be allowed to introduce competent evidence as to probable cause for his search and seizure, and in which Paige would be required to assert all matters considered by him as violative of his federal constitutional rights.

On March 14, 1966, Paige was again sentenced, this time to life imprisonment.

Subsequently, on July 17, 1972, he filed this habeas corpus petition, challenging jury composition. Upon the hearing considerable oral and documentary evidence was presented.

However, before completion of the hearing it was agreed that the first question for decision was whether his 1966 sentencing procedure constituted a guilty plea or a jury trial; and that if it was the former, or otherwise constituted a waiver of non-jurisdictional defects, the remaining issue as to jury composition would be moot.

Accordingly, the habeas corpus judge, in his findings of fact and conclusions of law, held that what transpired as to petitioner's sentencing was in fact a trial by jury and did not amount to the entry of a guilty plea. In doing so he ruled that petitioner should have an opportunity to prove his claim as to jury composition because it was not waived.

A certificate of immediate review was granted, authorizing this appeal by the respondent warden.

We have concluded that the habeas corpus judge erred in the ruling now under review.

At the outset we are not unmindful of the wording of petitioner's plea and the verdict. On the reverse side of the indictment is the entry as to the plea. It recites that

"The defendant Frank Paige waives copy of bill of indictment, list of witnesses sworn before Grand Jury, and arraignment, and pleads not guilty. This the 14th of March 1966," followed by signatures of his attorneys. Also on the reverse side of the indictment is the verdict, which recites: "We the Jury find the Defendant, Frank Paige guilty and recommend mercy. This the 14th of March 1966 James P. Sewell, Foreman."

Furthermore, we have not overlooked several portions of the transcript of the habeas corpus hearing wherein the petitioner responds affirmatively to counsel's questions containing the word "trial" and the like.

Actually however, there were no attributes of a trial.

According to petitioner's testimony, a jury had already been chosen and impaneled when he got there; no evidence was introduced while he was present; he did not hear any testimony at all; and nobody said anything while he was there.

The attorney then and now representing him testified at length. He explained the procedure then used in that court for consent verdicts, observing that it was no different from entering a guilty plea, except that the judge sometimes granted probation where there was a guilty plea. He stated that in accordance with the foregoing procedure the verdict in this case was written out by the district attorney, who asked one of the jurors to sign it, and that this was done. He also testified that no evidence was presented; that no argument to the jury was had; that no jury was selected other than the first twelve on the jury list; that no jury was stricken; and that no opening statements were made.

It is clear from the plea, verdict and testimony that the sentencing procedure employed here constituted a consent verdict of guilty. What occurred was in substance a plea of guilty, whereby the petitioner would receive a life sentence, as prearranged by the district attorney and petitioner's counsel.

In our view, a consent verdict of guilty, insofar as constitutional attacks in a habeas corpus proceeding are concerned, should be treated as a plea of guilty. Obviously it is not a trial. Hence the issue of jury composition is moot.

Petitioner could not have been prejudiced by a jury that did not have any judgment in the verdict it rendered, and that merely performed the ministerial function of one of its members signing the verdict with the recommendation.

It follows that the habeas corpus judge erred in rendering the findings of fact and conclusion of law.

*Judgment reversed. All the Justices concur, except Gunter, J., who dissents.*