## 29699. LAWSON et al. v. THE STATE.

Undercofler, Presiding Justice.

Appellants were convicted in a jury trial on two armed robbery charges and sentenced to twenty years on each count to run concurrently with three years to be served in prison and the remainder to be probated. They enumerate two errors. Facts necessary to resolution of those enumerations will be discussed therein.

1. In appellants' first enumeration they allege that the trial court erred in admitting certain photographs

designated as state's Exhibits 1-6 over objections of appellants' counsel in violation of appellants' rights of due process because the pictures were taken pursuant to a warrantless search, violated appellants' Fifth Amendment protection against compulsory self-incrimination, and constituted an impermissible search of their persons.

Both victims reported they were robbed (at different times) after being accompanied to the same house in Albany, Ga., by black persons dressed as females — one on the pretense of attending a party and the other to retain domestic help. Upon entering the house the door was closed behind them and the "female," with an accomplice, robbed them at gunpoint. A third female impersonator who associates with the appellants identified them as the perpetrators to the police and related that one of the appellants, Broderick Grace, reported getting $200 from one of the victims — the man in the green car.

Thereafter, appellants were spotted, dressed as females, occupying the automobile described as belonging to the perpetrators by the informant. A marked police car stopped appellants at the request of city detectives who then took appellants into custody. They were then photographed in their female disguise before a warrant was obtained. These photographs were state's Exhibit 2, a photograph of appellant Louis Lawson and state's Exhibit 6, a photograph of appellant Broderick Dean Grace, both dressed as females. The other four photographic exhibits were pictures of black females close to the ages of the suspects. The victims picked appellants' pictures from the six photographs but could not identify them in court when they were no longer dressed as females. Under these circumstances where appellants were in an automobile that would have enabled their escape and an opportunity to discard their disguise, critical to the case, detectives were justified in arresting the defendants without a warrant because there was "likely to be failure of justice for want of an officer to issue a warrant." Code § 27-207; *McCorquodale v. State,* 233 Ga. 369 (9) (211 SE2d 577); *Paige v. State,* 219 Ga. 569 (134 SE2d 793); *Johnson v. Plunkett,* 215 Ga. 353 (110 SE2d 745). Neither do such circumstances vitiate a conviction, otherwise valid, had

following a commitment hearing, indictment by grand jury and trial by jury. *McCorquodale,* supra; *Blake v. State,* 109 Ga. App. 636 (2) (137 SE2d 49) and citations. See also Frisbie v. Collins, 342 U. S. 519 (72 SC 509, 96 LE 541). A search under these circumstances incident to a lawful arrest was warranted.

These photographs, taken subsequent to their apprehension, depicted those readily observable physical characteristics of the appellants while disguised as females, as they were when apprehended and did not involve any communication protected by the Fifth Amendment privilege against self-incrimination. United States v. Dionisio, 410 U. S. 1 (93 SC 764, 35 LE2d 67) (1973); Gilbert v. California, 388 U. S. 263 (87 SC 1951, 18 LE2d 1178) (1967); United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149) (1967); Schmerber v. California, 384 U. S. 757 (86 SC 1826, 16 LE2d 908) (1966); Holt v. United States, 218 U. S. 245 (31 SC 2, 54 LE2d 1021) (1910).

2. Appellants' other enumeration alleges the trial court erred in denying their motion for a directed verdict and in entering its judgment of guilt against the appellants where the evidence did not sustain the verdict.

Our inquiry here, as an appellate court, is limited to sufficiency of the evidence and not the weight of the evidence. *Hogan v. State,* 221 Ga. 9 (2) (142 SE2d 778); *Ingram v. State,* 204 Ga. 164 (48 SE2d 891). If there is any evidence to support the jury finding, no error of law appearing, we will not disturb the verdict. *Marlow v. Burns,* 209 Ga. 255 (71 SE2d 520).

Both victims testified to their robbery and identified photographs of the appellants dressed in the female disguises they wore when apprehended. Two other witnesses, a detective and a female impersonator, testified that appellants were the persons depicted in the photographs. The female impersonator testified that one of the appellants told him of robbing the man "in the green car" of $200.

We cannot say the evidence is insufficient to sustain the verdict as a matter of law.

This enumeration is without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 10, 1975 — DECIDED APRIL 8, 1975.

*Thomas Wm. Malone,* for appellants.
*William S. Lee, District Attorney, Arthur K. Bolton, Attorney General, Lois F. Oakley,* for appellee.