## 52943. ROBERTSON v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of voluntary manslaughter. The state's evidence showed that defendant and her husband were engaged in an argument and that she shot and killed him.

Defendant testified that when she was going to bed

her husband started to push and beat her. She managed to escape to the bedroom and told him not to come in because she was out of breath, having had open heart surgery about 7 months prior. However, he opened the unlocked door and she saw a shotgun in his hand. She reached for a pistol and shot him because she feared for her life. She had not intended to kill him, only to scare him. *Held:*

1. Defendant urges that the trial court erred in failing to charge on the lesser included offense of involuntary manslaughter. We find no error for that offense was not reasonably raised by the evidence. If the defendant did not actually intend to kill her husband, she either committed an aggravated assault, a felony under Code § 26-1302, or she acted in self-defense which would show no offense. Thus she was not engaged in the commission of an unlawful act other than a felony and she was not engaged in the commission of a lawful act in an unlawful manner, the essential ingredients of involuntary manslaughter. Code § 26-1103. *Tate v. State,* 123 Ga. App. 18, 19 (2) (179 SE2d 307). The trial judge, as was agreed to by both counsel at trial, correctly viewed the case as one limited to murder, voluntary manslaughter, or an excusable death.

2. Defendant complains that the court erred without request in failing to charge the jury that no one is presumed to act with criminal intent as codified in Code § 26-605. This failure to charge without request was not error in view of the entire charge that was given. *Geer v. State,* 184 Ga. 805 (193 SE 776).

*Judgment affirmed. Clark and Stolz, JJ., concur.*

SUBMITTED OCTOBER 7, 1976 — DECIDED OCTOBER 26, 1976 — REHEARING DENIED NOVEMBER 19, 1976.

*Stanley H. Nylen,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Harvey Moskowitz, Assistant District Attorneys,* for appellee.