## 32734. BUCKNER v. THE STATE.

Nichols, Chief Justice.

The defendant, Isaac Romas Buckner, was convicted of the December 25, 1972 murder of Lawson Murell. Howard O. Murell, the brother of the deceased, testified to the following: On the night of December 24, 1972, he was awakened by someone knocking at the door of the apartment that he shared with his brother. When he got up and opened the door, his brother was ushered in at gunpoint by the appellant. The appellant, who lived in the same apartment building, appeared very angry and repeatedly threatened him and his brother with death unless the appellant received his money. The appellant never described the money about which he was talking. The appellant then ordered them to go outside to the appellant's parked car. Before they reached the appellant's car, however, he persuaded the appellant to let him go back to the apartment and put on some clothes. As they were walking back to the apartment, he heard a gunshot. He turned around and saw his brother falling to the ground. He grabbed for the appellant, saw a flash and was knocked unconscious. When he awoke, he saw the appellant's car leaving the apartment parking lot.

Detective J. B. Wilhoit of the Atlanta Police Department testified that he spoke to both the victim and his brother at Grady Hospital on the night of the incident, that both men were conscious, coherent and rational when

he interviewed them, and that based on his conversation with the decedent, he began looking for a man named "Ike." The appellant's picture was later identified as the man known as "Ike" by a photograph line-up shown to residents of the decedent's apartment building.

1. The appellant's first three enumerations of error are based on general grounds, to-wit: that the verdict is contrary to the evidence and without evidence to support it, that the verdict is decidedly and strongly against the weight of the evidence, and that the verdict is contrary to law and the principles of justice and equity. We find no merit in the appellant's contentions. A verdict will not be disturbed if there is any evidence to support it. *Lawson v. State,* 234 Ga. 136 (2) (214 SE2d 559) (1975).

2. The appellant also contends that the trial court erred when it refused his written request to charge on the lesser included offense of involuntary manslaughter as set out in Code Ann. § 26-1103 (b). That Code section provides that a person commits involuntary manslaughter when he causes the death of another human being, without intention to do so, by the commission of a lawful act in an unlawful manner likely to cause death or great bodily harm.

The defendant testified that he was forcibly robbed of a large sum of money in the parking lot behind his apartment by Lawson Murell, that he quickly obtained a pistol from his car and pursued Lawson Murell to Howard and Lawson Murell's apartment, that when he got to the apartment the two brothers were dividing his money between themselves, that before he could recover the money Lawson Murell ran out into the parking lot with it, that he forced Howard Murell to go with him to pursue Lawson Murell because he feared for his life, that when he went outside he was hit from behind by Lawson Murell and then became embroiled in a struggle with the two men for possession of the gun, that both men during this struggle stated that they had to kill him, that as the struggle continued the three men fell to the ground, causing the gun to discharge and that the deceased was evidently hit by this discharge.

Pretermitting the question of whether the defendant's request to charge the offense of involuntary

manslaughter as set out by Code Ann. § 26-1103 (b) was untimely submitted because the defendant failed to comply with local court rules, the offense of involuntary manslaughter was not reasonably raised by the evidence. *Robertson v. State,* 140 Ga. App. 506 (231 SE2d 367) (1976). The defendant's testimony might support a finding that the killing was justifiable or in self-defense, but it sets forth no facts to show that the defendant was guilty of involuntary manslaughter.

*Judgment affirmed. All the Justices concur, except Hall, J., who dissents.*

SUBMITTED SEPTEMBER 9, 1977 — DECIDED OCTOBER 19, 1977.

*Robert C. Ray,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney, Arthur K. Bolton, Attorney General, James L. Mackay, Assistant Attorney General,* for appellee.

HALL, Justice, dissenting.

In my opinion, the trial court was in error in refusing appellant's written request to charge on the lesser included offense of involuntary manslaughter as set out in Code Ann. § 26-1103. See *Kerbo v. State,* 230 Ga. 241 (196 SE2d 424) (1973). *Robertson v. State,* 140 Ga. App. 506 (231 SE2d 367) (1976), is inapposite for the reason that the defendant there admitted to a deliberate discharge of the firearm.