29994. JONES v. THE STATE.

NICHOLS, Chief Justice.

Frederick Eugene Jones was indicted and convicted of the offense of murder. He was sentenced to life

imprisonment. His motion for new trial as amended was overruled and the present appeal filed.

The evidence on the trial of the case discloses without contradiction that the victim died as a result of bullet wounds inflicted by the defendant. The defendant testified to facts regarding such homicide which would show circumstances of mitigation or justification, and it is contended that under such circumstances it was error not to charge that such evidence does not raise a presumption of malice. In support of this contention, the defendant relies upon the cases exemplified by *Jones v. State,* 212 Ga. 195 (91 SE2d 514).

If the sole evidence introduced on the trial of the case to establish the fact of the homicide was the testimony of the defendant, the cases relied upon by the defendant would apply. However, in this case there was also evidence showing that the shots were fired as the truck in which the defendant was a passenger was leaving the scene and that the deceased was shot while standing some six feet from the truck.

The defendant testified as to a confrontation which took place at a shopping center between the deceased and the defendant in which, according to the defendant, the deceased had attempted to hit the defendant through the window of the truck and had pounded on the side of the truck. This testimony was contradicted by the state's primary witness who was with the deceased from before the first confrontation until after the homicide occurred. Accordingly, the evidence authorized the verdict and the trial court did not err in charging or recharging the jury on implied malice or in failing to charge that "under the facts of this particular case there could be no presumption of malice."

The sole remaining issue relates to the failure of the trial court to submit to the jury the issue of involuntary manslaughter. This contention is based upon the premise that under the circumstances an assault with a deadly weapon could be converted to a simple assault, a misdemeanor, thereby meeting the requirement of Code Ann. § 26-1103 (a) to wit: "A person commits involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any

intention to do so, by the commission of an unlawful act other than a felony . . ." Under decisions exemplified by *Coggins v. State,* 227 Ga. 426 (2) (181 SE2d 47); *Harper v. State,* 127 Ga. App. 359 (193 SE2d 259); *Ross v. State,* 131 Ga. App. 587 (1) (206 SE2d 554), the assault with a deadly weapon, to wit, the pistol, was a felony. Code Ann. § 26-1302. Thus, if the assault was justified there was no crime; if not justified, the homicide would not be involuntary manslaughter. Accordingly, the trial court did not err in failing to submit this issue to the jury.

The evidence authorized the verdict and no error of law appearing, the conviction must be affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 9, 1975 — DECIDED JUNE 24, 1975.

*Byrd, Groover & Buford, Denmark Groover, Jr.,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Thomas H. Hinson, Assistant District Attorneys, Arthur K. Bolton, Attorney General, Lois F. Oakley, Staff Assistant Attorney General,* for appellee.