## 32296. HIXSON v. THE STATE.

NICHOLS, Chief Justice.

The defendant was tried and convicted for the offense of murder and sentenced to life imprisonment. His motion for new trial was overruled and he appeals.

1. The first enumeration of error contends the trial court erred in failing to charge on involuntary manslaughter. Under all the evidence in this case there was no evidence presented which would require a charge on either subsection (a) or (b) of Code Ann. § 26-1103. Had the victim not died from the stab wounds, the defendant could have been found guilty of aggravated assault, a felony, nor was there any evidence of a lawful act performed in an unlawful manner. The defendant's theory was self-defense and there was slight evidence of heat of passion. The trial court charged fully on the law of self-defense and voluntary manslaughter. There was no error in failing to charge on involuntary manslaughter. *Jones v. State,* 234 Ga. 648 (217 SE2d 597) (1975); *Hill v. State,* 134 Ga. App. 584 (215 SE2d 339) (1975).

2. The defendant sought to introduce a tape recording of the preliminary hearing to rebut the testimony of one of the state's witnesses. The state objected because the tape had other matter on it, other than this one witness' testimony.

While it is true that for the purpose of impeachment, the testimony of a witness at the commitment hearing may be proved, this does not relieve the defendant's counsel of the obligation to lay the proper foundation for the admission of this evidence, which was not done in this case. *Quinton v. Peck,* 195 Ga. 299 (6) (24 SE2d 36) (1943). In *Lord v. State,* 235 Ga. 342, 347 (219 SE2d 425) (1975), this court held: "Pretermitting the question of whether the procedure followed by the defendant's counsel in attempting to introduce the 'prior contradictory statement' was proper inasmuch as the alleged conflict in the witness' testimony was not a material conflict, any error in refusing to admit the introduction of the prior transcript was harmless."

The defendant introduced evidence of the alleged prior inconsistent statement made by the same state's

witness to the investigating officer at the time of the occurrence. The evidence excluded was cumulative and this enumeration of error has no merit.

3. The third and fourth enumerations of error complain of the sufficiency of the evidence and the overruling of the motion for new trial. We have carefully reviewed the entire record in this case and find no merit in these enumerations of error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 13, 1977 — DECIDED MAY 25, 1977.

*E. Earl Seals,* for appellant.

*E. Mullins Whisnant, District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General,* for appellee.

