## 35397. CRAWFORD v. THE STATE.

HILL, Justice.

Defendant was convicted of murder by a jury and sentenced to life imprisonment. The evidence authorized the jury to find the following: Defendant had been drinking beer the afternoon of the murder. At approximately 5 p.m., as he was driving home, he felt the need to stop. He pulled his vehicle partially off the road and opened the door. He changed his mind, however, and began to close the door when a pickup truck pulled alongside, driven by Hubert P. Atkins, a stranger to the defendant. The defendant and Atkins got into an altercation. Atkins followed the defendant home, possibly trying to force him off the road.

Once at his house, the defendant entered, went to an upstairs bedroom where he got a single shot .22 caliber rifle, went back downstairs, told several people in the house to stay away from the doors and windows, and went outside.

Meanwhile, Atkins, who had followed the defendant into the driveway, backed out to the edge of the road and got out of his truck. He was about 90 feet from the front of the house. The defendant later stated that Atkins reached under the seat of his truck. A witness heard the defendant say, as he left the house, "I'm going to shoot you, you son-of-a-bitch." He did, without delay. The bullet hit

Atkins in the cheek, killing him instantly. Defendant called the police anonymously and at first denied knowledge of the incident.

1. Defendant asserts the general grounds, that the verdict and judgment are contrary to law and the principles of justice and equity, are contrary to the evidence, and are against the weight of the evidence. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of murder beyond a reasonable doubt. *Driggers v. State,* 244 Ga. 160, 161 (259 SE2d 133) (1979); *Boyd v. State,* 244 Ga. 130, 132 (259 SE2d 71) (1979); and *Spivey v. State,* 244 Ga. 114, 115 (259 SE2d 60) (1979).[1]

2. Defendant enumerates error in the finding of the trial court that his statements to investigating officers were freely and voluntarily made. Prior to admitting any statements, the trial court held a Jackson-Denno hearing to determine their voluntariness. A detective testified that when the defendant was asked during interrogation whether he could read and write, he answered "No, but I would like to have somebody with me that can read." Defendant asserts that this was his way of requesting some type of counsel.

The trial court determined that the statements were voluntary and submitted them to the jury.[2] Unless clear-

---

[1] Statements in earlier cases to the effect that appellate courts do not pass on the weight of the evidence are no longer applicable in light of Jackson v. Virginia, — U. S. — (99 SC 2781, 61 LE2d 560) (1979).

[2] The full line of questioning by the police and elicited at the Jackson-Denno hearing is as follows:

"Q. Can you read and write, Mr. Crawford?

A. No, but I would like to have somebody with me that can read.

Q. Who would you like to have with you?

A. Anybody that can read and write.

Q. Do you have somebody you want us to call to be here with you, now?

A. No. Anybody will be all right.

ly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal. United States v. Watson, 469 F2d 362, 365 (5th Cir. 1972); Hurt v. State, 239 Ga. 665 (2) (238 SE2d 542) (1977); Gates v. State, 244 Ga. 587 (1979). Defendant's statements to the police purporting to waive his rights prior to making a statement concerning the crime were ample to support the trial court's determination that the subsequent statements were made voluntarily. See Lego v. Twomey, 404 U. S. 477 (92 SC 619, 30 LE2d 618) (1972); Gates v. State, supra. The trial court did not err in admitting the defendant's statements.

3. Defendant asserts that the trial court erred in failing to charge the jury on involuntary manslaughter upon written request. Defendant contends that the fact that he and the victim were strangers implies a lack of intention to kill. He asserts that testimony that the defendant warned everyone in the house to stay away from the doors and windows showed concern for his family's safety and lack of intention to kill. Defendant also argues that he was engaged in two separate, lawful acts: self-defense and defense of habitation.

The trial court charged the jury on self-defense and justification, defenses which the jury rejected. The jury found the defendant guilty of murder rather than voluntary manslaughter, which was also given in charge. Code § 26-1102. Nevertheless, the defendant contends the trial court erred in not submitting the crime of

---

Q. We are not going to ask you to read anything right now. I can read and write. Will I be all right?

A. Yes.

Q. Do you want to have somebody else with you?

A. No. Not if I don't have to read anything.

Q. All right. I think we have already advised you of your rights, but I want to do that again. I want to make sure that you understand what all of your rights are." (Whereupon, his rights were read to him again and defendant said he wanted to make a statement; upon being asked if he wanted an attorney present, he said "no.")

involuntary manslaughter to the jury.

At the outset it is important to note that there is no evidence suggesting that the rifle discharged accidentally.

There are two types of involuntary manslaughter, both involving the death of another human being without any intention to do so. Code § 26-1103. Code § 26-1103 (a) provides: "A person commits involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so, by the commission of an unlawful act other than a felony." A gun, even a .22 caliber weapon, is a deadly weapon. Assault with a deadly weapon constitutes aggravated assault, which is a felony. Code § 26-1302. Thus the "unlawful act" here was not "other than a felony." *Jones v. State,* 234 Ga. 648 (217 SE2d 597) (1975); *Jackson v. State,* 234 Ga. 549, 551 (216 SE2d 834) (1975).

Code § 26-1103 (b) provides: "A person commits involuntary manslaughter in the commission of a lawful act in an unlawful manner when he causes the death of another human being, without any intention to do so, by the commission of a lawful act in an unlawful manner likely to cause death or great bodily harm." From time to time a defendant contends that self-defense is a "lawful act" while the use of excessive force converts that act into one performed in an "unlawful manner," thus justifying a charge based on Code § 26-1103 (b). See *Jackson v. State,* supra, 234 Ga. at 552, where the homicide was committed with a 4 1/2 to 5 inch knife; the deceased was stabbed twice during a scuffle.

The seminal case of excessive force used in self-defense was *Warnack v. State,* 3 Ga. App. 590 (60 SE 288) (1908), where the defendant hit the deceased with a wagon brake stick to prevent the deceased from beating the defendant's brother. The deceased died eight days later. It was held to be error to fail to charge on lawful act-unlawful manner-involuntary manslaughter.[3] See also *Ridley v. State,* 81 Ga. App. 737 (4) (60 SE2d 249) (1950), where the homicide victim was kicked and beaten

---

[3]The definition of manslaughter at that time described it as a "lawful act without due caution and circumspection."

with fists.

In *Jenkins v. State,* 86 Ga. App. 800 (72 SE2d 541) (1952), the defendant hit the deceased with a pine board as the deceased threatened the defendant with a knife. It was held to be error to fail to charge lawful act-unlawful manner-involuntary manslaughter.

In *Jackson v. State,* 143 Ga. App. 734 (240 SE2d 180) (1977), the homicide was committed with a kitchen knife; the deceased had been hitting the defendant with a chair. It was held to be error to fail to charge on request lawful act-unlawful manner-involuntary manslaughter.

In *Robertson v. State,* 140 Ga. App. 506 (231 SE2d 367) (1976), the homicide was committed with a pistol; the deceased had a shotgun. It was held not to be error to fail to charge lawful act-unlawful manner-involuntary manslaughter.

In *Allen v. State,* 147 Ga. App. 701 (250 SE2d 5) (1978), the homicide was committed with a pistol; the deceased was shot twice. It was held to be error to fail to charge lawful act-unlawful manner-involuntary manslaughter. In dismissing certiorari as having been improvidently granted, this court commented that the charge was not required under the facts. *State v. Allen,* 243 Ga. 508 (256 SE2d 381) (1979).

In *Buckner v. State,* 239 Ga. 838 (239 SE2d 22) (1977), the homicide was committed with a gun. This court held that it was not error to refuse a request to charge lawful act-unlawful manner-involuntary manslaughter.

In the recent case of *Simpson v. State,* 150 Ga. App. 814 (258 SE2d 634) (1979), a case remarkably similar to the case at bar, the court in a sharply divided opinion, held that it was not error to fail to charge lawful act-unlawful manner-involuntary manslaughter. There the deceased was shot four times. In a concurring opinion, Judge Banke noted that our cases obscure a confused mix of legal principles which we have unnecessarily intertwined and that, if not clarified, it will be difficult to distinguish the difference between self-defense on the one hand and involuntary manslaughter on the other. Recognizing that a few other cases, not cited above, do not necessarily follow the pattern of the cited cases, we nevertheless find the proper rationale to be as set forth below.

The common difference in the cases cited above is as follows: It is not error to refuse a request to charge lawful act-unlawful manner-involuntary manslaughter, Code § 26-1103 (b), where the defendant asserts that he or she acted in self-defense by use of a pistol, rifle or shotgun. The distinguishing factor between guns on the one hand, and brake sticks and knives on the other hand, is that the deadly force of a gun is known to all. A person who causes the death of another human being by the use of a gun allegedly in self-defense will not be heard to assert that although he or she used excessive force, death was not intended and the act was lawful. Although the defendant who uses a gun in self-defense is entitled to a charge on the law of self-defense, that defendant is not also entitled to a charge on the law of lawful act-unlawful manner-involuntary manslaughter on the theory that the use of the gun was unnecessary (i.e., the force used was excessive). We hold that it is not necessary to give a request to charge the law as to involuntary manslaughter, Code § 26-1103 (b), where the defendant asserts that he or she fired a gun in self-defense. Where a defendant uses a gun in self-defense in an "unlawful manner," he or she is guilty of a crime, reckless conduct, Code § 26-2910, and thus the act is not a "lawful act" within the meaning of Code § 26-1103 (b). *Warnack v. State,* supra, and its progeny are inapplicable in self-defense cases involving the firing of a gun. Any such cases to the contrary will not be followed. We reiterate what was said at the outset—we are not here dealing with the accidental discharge of a gun.

The court below did not err by refusing to give the requested charge.

*Judgment affirmed. All the Justices concur, except Undercofler, P. J., and Bowles, J., who concur in the judgment only.*

SUBMITTED SEPTEMBER 14, 1979 — DECIDED JANUARY 4, 1980 — REHEARING DENIED JANUARY 24, 1980.

*Buffington & Gober, Clyde J. Gober, Jr.,* for appellant. *Frank C. Mills, III, District Attorney, Arthur K.*

*Bolton, Attorney General, Mary Beth Westmoreland, Staff Assistant Attorney General,* for appellee.