62490. PASS v. THE STATE.

DEEN, Presiding Judge.
John Henry Pass brings this appeal following his conviction of voluntary manslaughter and subsequent to the denial of his motion for new trial.

1. The trial court did not err in refusing to charge the jury on involuntary manslaughter following the defendant's timely request for such a charge. The defendant contends that he was trying to defend himself, his home and his property. He claims that he used threatening words and excessive force, but he did not intend to kill the deceased. As pointed out in *Crawford v. State,* 245 Ga. 89, 92 (263 SE2d 131) (1980), Code Ann. § 26-1103 (a) (unlawful act other than a felony) does not apply when a gun is used because a gun is a deadly

weapon and assault with a deadly weapon constitutes aggravated assault, a felony. "A person who causes the death of another human being by the use of a gun allegedly in self-defense will not be heard to assert that although he or she used excessive force, death was not intended and the act was lawful. Although the defendant who uses a gun in self-defense is entitled to a charge on the law of self-defense, that defendant is not also entitled to a charge on the law of lawful act — unlawful manner — involuntary manslaughter on the theory that the use of the gun was unnecessary (i.e., the force used was excessive). We hold that it is not necessary to give a request to charge the law as to involuntary manslaughter, Code § 26-1103 (b), where the defendant asserts that he or she fired a gun in self-defense. Where a defendant uses a gun in self-defense in an 'unlawful manner,' he or she is guilty of a crime, reckless conduct, Code § 26-2910, and thus the act is not a 'lawful act' within the meaning of Code § 26-1103 (b)." *Crawford,* supra, at 94. In the present case, the trial court charged on self-defense.

2. The defendant also asserts the general grounds. We have examined the record and find that a rational trier of fact could have found that the defendant was guilty beyond a reasonable doubt. *Driggers v. State,* 244 Ga. 160 (259 SE2d 133) (1979).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED SEPTEMBER 30, 1981 —
REHEARING DENIED OCTOBER 15, 1981.

*R. Allen Hunt,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys,* for appellee.