## 38075. DONALDSON v. THE STATE.

CLARKE, Justice.

Jerry Donaldson was convicted of the murder of Tyrone Vinson and sentenced to life in prison. He appeals from this conviction.

1. Appellant's first enumeration of error is that the verdict was contrary to the evidence, against the weight of the evidence, and contrary to law and principles of equity and justice. Tyrone Vinson was shot on the evening of May 3, 1981, in Valdosta, Georgia. The state's evidence established that on that evening four witnesses who were gathered on the front porch of a house in Valdosta saw the victim run into the area in front of the porch, pursued by appellant. The victim tripped and was shot by appellant as he struggled to get up. Vinson died from a single gunshot wound to his left chest. Three witnesses indicated that the victim might have been shot in the backyard before he ran into the porch area. There was some evidence that the victim and appellant were arguing in the back of the house before

running into the front. Prior to trial appellant gave a statement to police indicating that he shot the victim. Both in his pretrial statement and at trial appellant testified that the victim had a weapon; however, none of the other witnesses saw a weapon. The policeman who investigated the crime found no weapon on the victim's body or in the area. Appellant's half brother testified that the two men were arguing behind the house and that they had their hands in their pockets. He said he saw no weapon on the victim but that he supposed " . . . he had to have something, just standing up there and saying he wasn't worried about nothing." This witness also testified that he saw appellant walk away once from the victim and say "Let's forget about it." The witness also testified that the appellant came back to the victim and that each had his right hand in his pocket at this point. Another witness testified that the victim had been drinking on the day of his death and, in response to a question by defense counsel in regard to his reputation for violence in the community, the witness stated that he "would hurt you if he could." Appellant testified that he and the victim became involved in an argument. He testified that he was intoxicated.

Appellant's first enumeration of error is an attack on his conviction on the general grounds. The test of the sufficiency of the evidence set out in Jackson v. Virginia, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979), is " . . . whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Applying this test, we find that the evidence was sufficient to support the verdict and that the first enumeration of error is without merit.

2. Appellant assigns as error the trial court's failure to charge as to involuntary manslaughter. Code Ann. § 26-1103 (b) provides: "A person commits involuntary manslaughter in the commission of a lawful act in an unlawful manner when he causes the death of another human being, without any intention to do so, by the commission of a lawful act in an unlawful manner likely to cause death or great bodily harm." Appellant insists that the "lawful act" which he committed was self-defense and that the "unlawful manner" was the use of unnecessary force. He relies upon *Warnack v. State,* 3 Ga. App 590 (60 SE 288) (1907), to show that the trial court erred in failing to charge the law of involuntary manslaughter after a request by appellant. In *Warnack v. State,* the court held that: "Where the evidence and the statement, taken together or separately, raise a doubt, although slight, as to the intention to kill, the law of involuntary manslaughter should be given in charge." Id. In *Warnack v. State,* supra, the deceased, aroused by words used to him by defendant's brother,

picked up a plank and grabbed the collar of the brother who had used the language, demanding that he take back the language and at the same time holding the plank in a threatening position. Defendant picked up the brake-stick from the wagon on which he was sitting and struck the deceased from behind. There was testimony from one witness that he had struck the deceased without warning. The defendant testified that he struck him only after repeated requests that he release his brother. The court found, taking the evidence as a whole, that the law of justifiable homicide and the law of both voluntary and involuntary manslaughter should have been charged.

In *Crawford v. State,* 245 Ga. 89 (263 SE2d 131) (1980), we specifically held: "*Warnack v. State,* supra, and its progeny are inapplicable in self-defense cases involving the firing of a gun. Any such cases to the contrary will not be followed." Id. at 94. Distinguishing between guns on the one hand and brake-sticks and knives and other such weapons on the other hand on the basis that the deadly force of a gun is known to all, we found that "[a] person who causes the death of another human being by the use of a gun allegedly in self-defense will not be heard to assert that although he or she used excessive force, death was not intended and the act was lawful." Id. See also, *Appleby v. State,* 247 Ga. 587 (278 SE2d 366) (1981); *Raines v. State,* 247 Ga. 504 (277 SE2d 47) (1981). Under the principles set forth in *Crawford v. State,* supra, we find that the court did not err in refusing to give a charge as to involuntary manslaughter.

3. In his third enumeration of error, appellant claims that the trial court erred in refusing to charge on mutual combat and voluntary intoxication. The evidence did not show or tend to show mutual combat. Mutual combat is not a mere fight or scuffle. It generally involves deadly weapons and the mutual intention of using them. *Powell v. State,* 143 Ga. App. 684 (239 SE2d 560) (1977). The mere fact that appellant testified that he thought the victim had a gun in his pocket did not mandate a charge on mutual combat. "Where the evidence shows the killing, and the only reason given by the accused was that the deceased had shot him before and on the occasion of the killing she had made some motion toward the glove compartment of her car, mutual combat is not involved, and it was not error to fail to charge thereon." *Wyatt v. State,* 220 Ga. 867, 868 (142 SE2d 810) (1965).

Appellant's complaint that the trial court failed to charge on voluntary intoxication is without merit in that a charge on voluntary intoxication was given by the trial court.

4. Appellant assigns as error the trial court's admission of two photographs of the victim which the appellant had not previously seen. Appellant had made a motion asking for all scientific reports,

tests, papers, etc., that the state planned to offer into evidence. This motion was made pursuant to Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). Defense counsel objected to the admission of the photographs at trial, contending that they were exculpatory because they showed the victim's size, frame, weight, and would have been a part of self-defense since appellant was a smaller man. Further, defense counsel argued that the photographs showed the entry wound of the bullet, which would have been crucial to appellant's defense in view of the conflict in the testimony as to whether the victim was on the ground or standing face-to-face with appellant when the fatal shot was fired. The test under Brady v. Maryland, supra, is whether the evidence not revealed by the prosecution is " . . . favorable to an accused who has requested it . . . where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 83.

Appellant's first ground for asserting the materiality of the photographs is that they tended to show the frame of the victim. The size and weight of the victim were not in dispute. Appellant claims that the photographs showing the entry wound or the bullet would have been beneficial to him since it would have enabled him to prove through expert testimony where the victim was shot. He has not shown how such testimony would have been exculpatory. Appellant has the burden of showing that evidence withheld from him would have impaired his defense to the extent that he was denied a fair trial. *Potts v. State,* 241 Ga. 67 (243 SE2d 510) (1978). Since he has not done so, this enumeration is without merit.

5. In his final enumeration of error, appellant contends that the court erred in admitting into evidence his confession because he failed to understand the Miranda v. Arizona warnings given to him. He bases this contention upon the fact that although he was twenty-three years old he had only a tenth grade education, had been in a special education class, and could neither read nor write. There is no allegation that there was any necessity for him to either read or write because the testimony showed that the Miranda warnings were read to him. The detective further testified that after each warning he asked the appellant whether he understood and that the appellant in each case indicated that he did. In the testimony at trial appellant indicated that at the time of his statement he understood that he could remain silent.

We hold that a showing that a defendant is illiterate and that he was placed in special education classes while in school does not, without more, show that he was incapable of understanding his Miranda rights when they are read to him. After a Jackson v. Denno

hearing, the court found that the statement had been voluntarily given. "There being ample evidence presented in the trial court to support its determination, it will not be disturbed on appeal." *Cunningham v. State,* 248 Ga. 558, 560 (284 SE2d 390) (1981), quoting *Gunn v. State,* 244 Ga. 51 (257 SE2d 538) (1979). In this case, appellant's testimony at trial was substantially the same as the statement which he made to police following his arrest. Under the circumstances, the admission of the statement, even if error, would be harmless error.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 10, 1982 —
REHEARING DENIED MARCH 23, 1982.

*Edwards & Edwards, H. B. Edwards III,* for appellant.
*H. Lamar Cole, District Attorney, Michael J. Bowers, Attorney General, George M. Weaver, Staff Assistant Attorney General,* for appellee.