### 65121. MILLER v. THE STATE.

BANKE, Judge.

The defendant appeals his conviction for burglary.

The state's chief witness, Corris Mathis, testified that as he, the defendant, and Ronnie Daniels drove by Cal Hunter's service station on April 7, 1982, while returning from a fishing trip, the defendant said, "Let's break in." Mathis testified that as Daniels stood by the door, the defendant pried it open with a tire tool and went inside. He stated that he did not see what the defendant did inside the store but that when the two men returned to the car they told him, "Man, let's go." After they had driven about four blocks, their automobile stalled, and they waved over a passing patrol car for a "jump" start.

The burglary of the service station was reported to police approximately 15 minutes later, and the three men were located and arrested shortly thereafter in a park where they had pushed the car after it stalled again.

Through the testimony of the owner and an employee of the service station, it was established that the station had been burglarized on the afternoon in question while it was closed for a 35-40 minute period. The cash register had been pried open and some $75-$80 taken from it. *Held:*

1. The evidence was sufficient to enable a rational trier of fact to find the defendant guilty of burglary beyond a reasonable doubt. See generally *Crawford v. State,* 245 Ga. 89 (1) (263 SE2d 131) (1980). The state was not required to find or produce the stolen money in order to establish a prima facie case.

2. The appellant's contention that the court erred in trying the defendant separately in the absence of a motion for severance by the state must be considered totally frivolous in light of the fact that the defendant himself moved for a severance. In any event, under Code Ann. § 27-2101, it is within the discretion of the trial court to determine whether a defendant in a case not involving the death penalty shall be tried jointly or separately. There is no requirement that the state make a motion one way or the other.

3. The court did not err in refusing to instruct the jury on the "equal access" rule, which applies only in cases where constructive possession of contraband is at issue. See, e.g., *Gee v. State,* 121 Ga. App. 41 (1) (172 SE2d 480) (1970).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 24, 1982.

*Randall E. Chew,* for appellant.

*Gilbert J. Murrah, District Attorney, Edward C. Parker, Assistant District Attorney,* for appellee.