### 65728. JEFFERSON v. THE STATE.

DEEN, Presiding Judge.

Appellant Jefferson was convicted of rape by a Ware County jury and received a twenty-year sentence. He appeals from this judgment, enumerating multiple errors the gist of which is as follows: (1) the court deprived him of constitutional rights by allegedly forcing upon him as counsel, for political reasons, a former district attorney; (2) the trial court wrongfully permitted introduction of prior convictions; (3) the judges and attorneys involved at various stages of his case were engaged in a conspiracy against him; and (4) the court erred in permitting the victim's father to sit at the counsel table during trial. *Held:*

Appellant, acting *pro se* after having discharged his appointed counsel, asserted in his closing argument at trial that the rape charge on which he was indicted was a cover for a conspiracy on the part of the victim, her family, and various others including court officials, to obtain title to his parents' home. His enumerations recapitulate, in garbled and repetitious fashion, the accusations of conspiracy and

deprivation of rights under various federal and state statutes and constitutional provisions. After careful study of the pleadings, the briefs, the transcripts of the trial and the several hearings, and the remainder of the record, we find the evidence sufficient to authorize a reasonable trier of fact to find appellant guilty as charged. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State,* 245 Ga. 89 (263 SE2d 131) (1980). Moreover, we find no error that would require reversal of the judgment below.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MARCH 3, 1983 —
REHEARING DENIED MARCH 11, 1983.

Oscar Jefferson, *pro se.*
*Donnie Dixon, District Attorney,* for appellee.