## 65664. FITZHUGH v. THE STATE.

BIRDSONG, Judge.

Linda Fitzhugh was convicted of voluntary manslaugter. The sole enumeration of error in her appeal is that the trial court erred in refusing, despite timely written request, to charge to the jury OCGA § 16-5-3 (b) (Code Ann. § 26-1103), as to involuntary manslaughter in the commission of a lawful act in an unlawful manner. *Held:*

The evidence as substantially stated by the appellant is this: She had lived with the deceased for seven years, but they had lived apart for two or three weeks prior to his death. The deceased was a good man but became violent when drunk. He had beat her up on more than one occasion. On the night she killed him, she had had a few drinks and he was quite drunk. She made up her mind she would go to his house and discuss things, to ask him to come back to her. She was afraid of him but she loved him. On this love mission, she took a butcher knife, hidden in her pants. The butcher knife was 12-1/2 inches long. She went to the deceased's house and saw that another woman was there. She made some remarks — mild, according to her; foul, according to the woman witness. The deceased pushed or knocked her back across a sofa. Then the deceased left his home. Fitzhugh followed him into the street. According to her, the deceased hit her in the head. Another witness saw no such altercation; he heard argument and saw the deceased "lightly" push Fitzhugh away, and then go several yards back up the street where he collapsed and died. The deceased had no weapon of any kind. He was a small man, at 5'2" height and 130 pounds.

This evidence does not require a charge of involuntary manslaughter for the commission of a "lawful act" in an "unlawful manner"; that is, self-defense (lawful act) with use of excessive force (unlawful manner).

In *Crawford v. State,* 245 Ga. 89, 94 (263 SE2d 131), the Supreme Court established the rule that "It is not error to refuse a request to charge lawful act-unlawful manner-involuntary manslaughter, [OCGA § 16-5-3 (b) (Code Ann. § 26-1103)], where the defendant asserts that he or she acted in self-defense by use of a pistol, rifle or shotgun. The distinguishing factor between guns on the one hand, and brake sticks and knives on the other hand, is that the deadly force of a gun is known to all. A person who causes the death of another human being by the use of a gun allegedly in self-defense will not be heard to assert that although he or she used excessive force, death was not intended and the act was lawful. Although the defendant who uses a gun in self-defense is entitled to a charge on the law of self-defense, that defendant is not also entitled to a charge on the law of lawful

act-unlawful manner-involuntary manslaughter on the theory that the use of the gun was unnecessary (i. e., the force used was excessive). We hold that it is not necessary to give a request to charge the law as to involuntary manslaughter, Code § 26-1103 (b), where the defendant asserts that he or she fired a gun in self-defense. Where a defendant uses a gun in self-defense in an 'unlawful manner,' he or she is guilty of a crime, reckless conduct, Code § 26-2910, and thus the act is not a 'lawful act' within the meaning of Code § 26-1103 (b)."

The *Crawford* decision thus distinguished the use of a gun, in terms of whether it constitutes "lawful act-unlawful manner," from the use of knives and other items. See *Donaldson v. State,* 249 Ga. 186, 188 (289 SE2d 242); and see the distinguished cases, *Jackson v. State,* 234 Ga. 549, 552 (216 SE2d 834) and *Jackson v. State,* 143 Ga. App. 734 (240 SE2d 180). But the crux of the distinction which negates any inference of "lawful act," has to do with the fact that "the deadly force of a gun is known to all. A person who causes the death of another human being by the use of a gun allegedly in self-defense will not be heard to assert that although he or she used excessive force, death was not intended and the act was lawful." *Crawford,* supra, p. 94.

This case is not like *Jackson v. State,* 234 Ga. 552, supra, where the deceased was killed during a scuffle, by a 4-1/2 inch knife the defendant had in his pocket with other tools. Nor is it like *Jackson v. State,* 143 Ga. App. 734, supra, where the deceased and the defendant were fighting in a kitchen, and when the deceased allegedly beat the defendant with a chair, the defendant picked up a kitchen knife from the kitchen counter and began "sticking" the deceased in an effort to fend him off; evidently she stuck too far. In such cases, the charge of involuntary manslaughter by lawful act (self-defense) in unlawful manner (excessive force) may be authorized because of the kind of knife used and the circumstances under which it is used.

But in this case, Linda Fitzhugh, with love in her heart, chose to visit a man of whom she was afraid. She did not, she says, go with the intention to kill him. But she took with her, hidden in her pants, a 12-1/2 inch butcher knife that had no other purpose but to be a deadly force. The "deadly force" of a 12-1/2 inch butcher knife when deliberately carried for the purpose of deadly force is "known to all" (*Crawford,* supra, p. 94), and "[a] person who causes the death of another human being by the use" of a deadly weapon, such as a 12-1/2 inch butcher knife which from the outset of the episode had no purpose but to cause bodily harm, "will not be heard to assert that although he or she used excessive force, death was not intended and the act was lawful . . . [and she is not entitled] to a charge on the law of lawful act-unlawful manner-involuntary manslaughter on the theory

that the use of the [knife] was unnecessary (i. e. . . . . excessive)." *Crawford,* supra, p. 94, The distinction made in *Crawford* as to guns and knives, or other items, is, we think, not intended to imply that a gun is the only deadly weapon which, when allegedly used in self-defense in an unlawful (excessive) manner, constitutes the reckless conduct crime. *Crawford,* supra. Such a conclusion would strain common sense. If the appellant did not deliberately intend to kill the victim we can think of nothing more reckless and unlawful than her going to confront him with a 12-1/2 inch butcher knife, the deadly force of which is "known to all," hidden in her pants. The evidence did not authorize a charge of lawful act-unlawful manner-involuntary manslaughter.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 19, 1983.

*Howard S. McKelvey, Jr.,* for appellant.
*John R. Parks, District Attorney, R. Rucker Smith, Assistant District Attorney,* for appellee.