## 66396. SEAGRAVES v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted for murder in causing the death of a human being by shooting her with a pistol, and in a separate count for the possession of a firearm by a convicted felon. As to the murder count he was found guilty of voluntary manslaughter and also convicted of the possession of a firearm (pistol) by a convicted felon. A motion for new trial having been filed, heard and denied, the defendant appeals. *Held:*

Inasmuch as the defendant admitted the possession of a firearm, being a convicted felon, we now have for review only the enumeration of errors involving the manslaughter conviction.

1. On the date in question, when the victim was killed, a "crap" game was in progress. The victim was an observer, and defendant's girl friend was a participant, having come to the game with a friend named Wimp. Shortly before the shooting of the victim, the defendant arrived at the scene and glared in an angry way at his girl friend. He then passed on by and entered some nearby woods. A shot rang out from the woods and the victim was struck in the left back, mortally wounded, the projectile exiting her right chest area, and was never found. The people in the "crap" game scattered. There was testimony that at least two shots were heard from the direction of the woods, the second shot a short time after the first.

After the shooting at least two witnesses saw defendant with a pistol, and he was also observed by another after the first shot pulling out the pistol and shooting the pistol into the air. He fled the scene when the police arrived. After his arrest a .380 caliber unfired cartridge was recovered from his person. The defendant was transported in a patrol car "to the homicide task force." A search of

this patrol car, after defendant was transported, revealed five other unfired cartridges of the same caliber as the .380 found on his person when he was apprehended.

The defendant admitted being present and going into the woods, but denied that he was angry with his girl friend whom he had observed in the "crap" game and admitted shooting a pistol (.380 caliber) in the air after hearing the first shot and hearing people run towards the woods, testifying also that he observed a man somewhere behind him. He denied firing the first shot and denied shooting in the direction of the victim or the "crap" game and did not observe his girl friend with the person called Wimp. He also testified that when the police were chasing him he threw the gun away, later took the police to the location to find the weapon, but it was never recovered.

The substance of the testimony against the defendant shows that the defendant was armed, was angry with his girl friend, left the location of the "crap" game and went into the woods, and the fatal shot came from the area. He then admitted the firing of a second shot, fled and threw his weapon away. In consideration of the general grounds the defendant seeks to establish an alternative hypothesis that the victim was killed by the first shot fired by another. However, the reasonableness of such an alternative hypothesis is a jury question. See *Lewis v. State,* 149 Ga. App. 181, 182 (1) (254 SE2d 142); *O'Bear v. State,* 156 Ga. App. 100, 101 (1) (274 SE2d 54); *Brewer v. State,* 156 Ga. App. 468, 469 (2) (274 SE2d 817); *Bogan v. State,* 158 Ga. App. 1, 3 (279 SE2d 229). The jury, as trier of fact, after hearing the entire evidence, both direct and circumstantial, apparently believed the testimony against the defendant and was unimpressed with the defendant's version of what transpired, finding him guilty of voluntary manslaughter in the unfortunate killing of the victim. See *Redd v. State,* 154 Ga. App. 373 (1) (268 SE2d 423); *Blanton v. State,* 152 Ga. App. 205 (1) (262 SE2d 476); *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920); *Brown v. State,* 150 Ga. App. 831 (1) (258 SE2d 641). After careful examination of the record and transcript, we find the evidence was sufficient for a rational trier of fact reasonably to have found the defendant guilty beyond a reasonable doubt. *Heard v. State,* 153 Ga. App. 474, 475 (265 SE2d 828); *Green v. State,* 154 Ga. App. 245, 246 (1) (267 SE2d 855); *Smith v. State,* 154 Ga. App. 497, 500 (2) (268 SE2d 714). The trial court did not err in denying the motion for new trial based on the general grounds.

2. Defendant's second enumeration of error is that the trial court erred in allowing a detective called in rebuttal to testify as to his opinion allegedly without laying a proper foundation, that is, as to where the projectile came from which killed the deceased. Several witnesses testified as to the shots coming from the woods, and during

the investigation by the officer he was advised by the witnesses as to this information. There was other testimony as to the position of the victim prior to the shooting whereby the projectile entered her left back and exited her right chest as she sat on a wall with her back to the woods. The officer based his testimony, an opinion, from his investigation and the people the investigating officers talked to, that the sounds came from the wooded area. His opinion testimony was authorized, based upon the information he received and which was also in evidence before the jury. A foundation for this testimony was laid whether his testimony be characterized as that of an expert or non-expert. See *Williams v. State,* 157 Ga. App. 494, 496 (4) (277 SE2d 781). We find no merit in this complaint.

3. The remaining enumeration of error is one in which the defendant contends the trial court erred in refusing to charge as to involuntary manslaughter. The defendant denied the act of killing the victim since he denied shooting the first shot and shot only the second into the air. Thus, he cannot contend he was not guilty of killing the victim, but was "present with a less serious intent or state of mind" in the killing of the victim. Under no circumstances could it be said that the firing of the second shot resulted in the death of the victim. See *Cohran v. State,* 157 Ga. App. 551 (278 SE2d 133); *Tuggle v. State,* 149 Ga. App. 844, 845-846 (6) (256 SE2d 104). The evidence simply did not raise an issue as to involuntary manslaughter as a lesser included offense of murder. See *Wheeler v. State,* 238 Ga. 719 (235 SE2d 37); *Hixson v. State,* 239 Ga. 134 (1) (236 SE2d 78); *Buckner v. State,* 239 Ga. 838, 839 (2) (239 SE2d 22); *Hudson v. State,* 240 Ga. 70, 73 (2) (239 SE2d 330); *Moody v. State,* 244 Ga. 247 (1) (260 SE2d 11).

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED JULY 15, 1983.

*Lawrence Lee Washburn III,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, R. Michael Whaley, Assistant District Attorneys,* for appellee.