## 68296. JACKSON v. THE STATE.
### (323 SE2d 198)

McMURRAY, Chief Judge.

Defendant was indicted and convicted of one count of aggravated assault and one count of criminal attempt to commit the offense of armed robbery. He was sentenced to eight years imprisonment for each count (to be served concurrent with one another). From a denial of his motion for new trial, defendant brings this appeal. *Held*:

1. In his first enumeration of error, defendant contends that the trial court erred in denying his motion to be discharged and acquitted of the offenses charged against him because more than two terms of court had passed since he made his demand for a speedy trial. Defendant's contention is without merit.

The evidence presented at trial reflects that defendant was initially charged in three indictments. One indictment was for two counts of armed robbery which occurred on July 5, 1982, while the other two indictments were for the present counts of aggravated assault and criminal attempt to commit armed robbery which occurred on July 6, 1982.

Prior to the trial on the two counts of armed robbery, the assistant district attorney had a telephone conversation with defense counsel in which she informed defense counsel that the second term of the court was about to run on the aggravated assault and criminal attempt to commit armed robbery counts and that, as such, she would have to try defendant on those counts first, instead of on the two counts of armed robbery. Defendant's counsel orally agreed to this but a few minutes later changed his mind and telephoned the assistant district attorney, stating that he had already subpoenaed all his witnesses for the two counts of armed robbery case and that if the State would go ahead and try the two counts of armed robbery case first, he would agree to give the State a 52-day extension on his demand for a speedy trial (in connection with the aggravated assault and criminal attempt to commit armed robbery counts). The State agreed.

Subsequently, at the trial of the defendant on the two armed robbery charges, the State announced that because of the 52-day extension (which was agreed to by both the State and the defense counsel), defendant had waived his right to rely on his demand for a speedy trial in connection with the aggravated assault and criminal attempt to commit armed robbery counts. In response, defense counsel stated that the State only had been granted the right to bring the case to trial (involving the aggravated assault and criminal attempt to commit armed robbery counts) within 52 days after the end of the second term and that defendant had not waived his right to rely on the speedy trial demand. The trial court at the time of the trial of the armed robbery counts (a different trial judge), however, stated that the defendant cannot waive his right to rely on a speedy trial demand for only 52 days; he can either waive it completely or he does not waive it at all. In light of this, defense counsel stated, "[I]f I cannot waive it for fifty-two days, then I'm not going to waive it." The trial court made no ruling, indicating that "we will cross that bridge when we get to it."

At the present trial, defendant introduced the foregoing facts in support of his motion to be discharged of the aggravated assault and criminal attempt to commit armed robbery counts charged against him. Defendant argued that this evidence showed that he in no way waived his right to rely on the speedy trial demand and that as the case sub judice as to the aggravated assault and criminal attempt to commit armed robbery charges was brought to trial after the second term in which defendant had made his demand for a speedy trial, he should be discharged and acquitted of the offenses charged. The trial court ruled, however, that since defense counsel and the State previously had agreed to a 52-day extension (of defendant's right to rely on his speedy trial demand), and since the case as to the offenses of aggravated assault and criminal attempt to commit armed robbery was brought to trial within this 52-day period, defendant was not entitled to be discharged and acquitted. We agree.

"[A] defendant may waive his right to . . . [an] automatic discharge [under a demand for a speedy trial] by some action on his part or on the part of his counsel, such as his own request for a continuance of the case. See *Adams v. State*, 129 Ga. App. 839, 841 (201 SE2d 649)." *Parker v. State*, 135 Ga. App. 620, 621 (4) (218 SE2d 324). Further, where "[i]t is . . . clear that absent [defendant's] own voluntary actions at every stage of the case he would have been tried at a term of court which would have been in compliance with his demand for a speedy trial [then he is not entitled to an automatic discharge]." *Bennett v. State*, 158 Ga. App. 421, 424 (2) (280 SE2d 429). Here, the evidence reflects that defendant would have been tried in compliance with his demand for a speedy trial (i.e., within the two-

term period) had he not agreed with the State to waive this right for 52 days after the end of the second term. Defendant may not now complain that because of this agreement, the State violated the two-term rule. See *Parker v. State*, 135 Ga. App. 620, 621 (4), supra; *Bennett v. State*, 158 Ga. App. 421, 424 (2), supra. Thus, the present case having been brought within 52 days after the end of the second term, the trial court did not err in denying defendant's motion to discharge the indictments against him.

2. The trial court did not err in striking Ms. James, a prospective juror, for cause. On voir dire examination, Ms. James stated that she disliked the way in which the police had handled a burglary investigation of her house. As a result of this, Ms. James expressed doubt as to whether she would feel any bias or have any bad feelings toward the police were they to testify. Furthermore, when asked by the trial court, on two different occasions, whether she could "decide fairly between the state and the accused," Ms. James indicated that she could not. There was no abuse of discretion in excusing prospective juror James for cause. See *Taylor v. State*, 243 Ga. 222, 225 (4) (253 SE2d 191).

3. Defendant enumerates as error the trial court's denial of his motion for mistrial based upon the assistant district attorney's injection into closing argument of prejudicial matters not in evidence. The portions of the assistant district attorney's argument of which defendant complains are certain references to a discussion the assistant district attorney had with the victim the previous week and to earlier statements made by defendant concerning his bicycle. However, our review of the record shows that defendant is mistaken in his assertion that these particular matters were not in evidence. Therefore, the trial court was correct in refusing to grant defendant's motion for mistrial.

4. Defendant's contention that the trial court erred in denying his motion to have the jury view the scene of the crime is without merit. The matter of a jury view is discretionary, and the record does not reveal any abuse of that discretion. *Sutton v. State*, 237 Ga. 418, 419 (3) (228 SE2d 815).

5. Defendant contends the trial court erred in failing to give his requested charges on identification. However, after a careful review of the record and transcript, we find that the court's charge, considered as a whole, fairly covers the same matters as the charges requested. " '(I)t is no longer necessary to give the exact language of requests to charge when the same principles are fairly given to the jury in the general charge of the court. [Cit.]' " *Shirley v. State*, 245 Ga. 616, 619 (3) (266 SE2d 218).

6. Defendant contends the trial court abused its discretion by denying him the right to recall two State witnesses after previously rul-

ing that defendant could reserve the right to further cross-examination. We disagree.

At the conclusion of recross-examination of State witness Mike McCorkle, defense counsel stated that he had "[n]o further questions." Subsequently, after redirect examination of McCorkle by the State, defense counsel asked the court's permission "to reserve the right to further cross-examination of the witness." The court replied, "All right, but let's try to try the case over once." Thereafter, Andrew Summerell was sworn as a witness for the State. At the conclusion of cross-examination of this witness, defense counsel again stated, "No further questions. We would reserve the right to further cross-examination." The trial court, however, did not reply, and the assistant district attorney proceeded with redirect examination of the witness, followed by recross-examination by defense counsel.

Subsequently, at the conclusion of the testimony of the State's next witness, defense counsel requested the court to be allowed to recall for further cross-examination State witnesses Mike McCorkle and Andrew Summerell. The State objected to this, and the court responded by saying, "Mr. Jackson, I'm not going to let you try the case twice. Now I'm not going to do that. If you want to call them [Mike McCorkle and Andrew Summerell] you call them as your witnesses." The court stated further, "Also, I'll ask you not to be too repetitive, because we've been through that, and you've had a long and [sifting] examination. Now you're doing this over again, and I don't see any real reason . . ." Defense counsel then asked, "Is it agreeable to call them in for a few questions?" and the court responded, "I'm quite willing for you to call them for a few questions." Defense counsel responded, "Yes, sir, that's all I want to ask them." Thereafter, both Mike McCorkle and Andrew Summerell were called to the stand for a second time and questioned by defense counsel.

"Whether a witness may be recalled [for further cross-examination] is within the trial court's discretion and will not be interfered with unless manifestly abused." *Morris v. State*, 228 Ga. 39, 50 (16 (a)) (184 SE2d 82). Further, "[a]lthough a defendant is entitled to a thorough and sifting cross-examination of witnesses against him (Code Ann. § 38-1705) [now OCGA § 24-9-64], the scope of cross-examination is largely within the discretion of the trial judge and will not be controlled by this court except for abuse of discretion. [Cit.]" *Mitchell v. State*, 236 Ga. 251, 256 (3) (223 SE2d 650). Here, as to Andrew Summerell, there clearly was no abuse of discretion by the court. As the record reflects, the trial court was silent when defense counsel stated, "No further questions. We would reserve the right to further cross-examination." Furthermore, the evidence shows that defense counsel was in fact allowed further cross-examination of witness Summerell.

As to Mike McCorkle, the record reflects that the trial court first stated that it was "[a]ll right" for defense counsel to reserve the right to further cross-examination of this witness. However, when defense counsel called witness McCorkle for further cross-examination, the trial judge stated that he would only allow defense counsel to call McCorkle as his own witness. We are of the opinion that in view of the above statement by the trial court the court erred in refusing to allow defense counsel to further cross-examine McCorkle. However, after reviewing the transcript, we believe this error was harmless. The record discloses that defendant was permitted a thorough and sifting cross-examination of State witness McCorkle. Moreover, the court allowed defense counsel to recall McCorkle; permitted him to ask McCorkle leading questions; and did not prohibit any subject matter from being addressed. Thus, we find no reversible error. *Robinson v. State*, 229 Ga. 14, 15-16 (189 SE2d 53).

7. The trial court did not commit reversible error by permitting the assistant district attorney to question a prospective juror about her previous jury service. On voir dire examination, the assistant district attorney asked a prospective juror whether a previous criminal jury on which she served was able to reach a verdict. Before the juror answered, defense counsel objected on the ground that such a question was improper. The trial court overruled the objection, and the question was allowed to be asked and answered. However, before another juror was questioned, the trial court, citing *Frazier v. State*, 138 Ga. App. 640 (227 SE2d 284), stated that questioning jurors as to whether they have previously served on a jury, and if so, whether they were able to reach a verdict was improper. Accordingly, the trial court reversed its prior ruling to the opposite effect.

Defendant contends that the court erred in allowing the assistant district attorney to ask the prospective juror whether the previous criminal jury on which she served was able to reach a verdict. We agree that this was in fact error (see *McGinnis v. State*, 135 Ga. App. 843, 845 (219 SE2d 485)). "However, the burden is on a party claiming error not only to show error, but 'error which injured him . . . (and) unless the error results in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right' an appellate court will not reverse. *Dill v. State*, 222 Ga. 793 (1) (152 SE2d 741)." *Leonard v. State*, 146 Ga. App. 439, 443 (4) (246 SE2d 450). In the case sub judice, only one prospective juror was questioned concerning her previous jury service. She was merely asked whether the jury on which she served was able to reach a verdict, not the verdict they actually reached. We are of the opinion that this is not error which is prejudicial to an accused, and the defendant has not shown otherwise.

8. Finally, defendant contends that the verdict of the jury was

contrary to and against the weight of the evidence. However, the evidence adduced at trial showed that the victim made a positive in-court identification of the defendant as the perpetrator of the crimes charged. Furthermore, a fellow employee of the victim testified that he saw defendant at the scene of the crime immediately after the victim had been assaulted. The evidence was sufficient for a rational trier of fact reasonably to have found beyond a reasonable doubt that defendant was guilty as charged. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Seagraves v. State*, 167 Ga. App. 513 (1), 514 (306 SE2d 761).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 17, 1984 —
REHEARING DENIED OCTOBER 12, 1984 ▮▮▮▮▮▮▮

*G. Terry Jackson*, for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney*, for appellee.