## 42681. BERRY v. THE STATE.
(339 SE2d 711)

BELL, Justice.

This is an appeal from an order entered on remand pursuant to this court's direction in *Berry v. State*, 254 Ga. 101 (1) (326 SE2d 748) (1985).[1] In the first appearance of this case, we conditionally affirmed Berry's convictions of murder, criminal attempt to commit robbery, and theft by taking, and remanded the case to the trial court with the direction that it make a finding as to the specific purpose of a request for counsel made by Berry. *Berry*, supra, 254 Ga. at 104.

In *Berry* we noted that "[a]lthough it is clear that when an accused invokes his right to have counsel present during interrogation, all further interrogation must cease, *Smith v. Illinois*, 53 USLW 3430, 3431 (1984), it also appears that where that request is for a specific purpose other than interrogation, such as to have an attorney at trial, and does not encompass a 'desire to deal with the police only through counsel,' *Edwards v. Arizona*, 451 U. S. 477, 484-85 (101 SC 1880, 68 LE2d 378) (1981), interrogation may continue. *Ross v. State*, 254 Ga. 22 (3) (326 SE2d 194) (1985); *Collins v. Francis*, 728 F2d 1322, 1331-34 (11th Cir. 1984); *Jordan v. Watkins*, 681 F2d 1067, 1070-74 (5th Cir. 1982). The same would be true here. However, although the defendant's first statement was ruled admissible, the trial court did not expressly find that the defendant's request for an attorney was unambiguously limited to the taking of a polygraph examination and did not encompass the custodial interrogation.

"Upon remand, the trial court is directed to enter its findings, after further hearing if need be, as to the purpose for which the defendant requested counsel. If the trial court determines that the defendant's request was only that counsel be afforded him if a polygraph test were administered, the conviction will stand affirmed, subject to defendant's right to appeal that determination. If the trial court determines that defendant requested that counsel be present during interrogation (or simply requested counsel), the defendant shall be granted a new trial at which his statements shall not be admissible in evidence." *Berry*, supra, 254 Ga. at 104 (footnotes omitted).

On remand from this court the trial court, without holding a further hearing, entered an order finding that Berry "requested an attor-

---

[1] On remand the trial court's order was entered on April 19, 1985. On May 3, 1985, an attorney was appointed to represent Berry in an appeal of the April 19, 1985, order. On August 23, 1985, the new attorney filed a motion for leave to file an out-of-time appeal, on the ground that he had not been aware that the April 19, 1985, order had been entered. On August 23, the trial court entered an order permitting the out-of-time appeal. The notice of appeal was filed August 23, 1985, and the case was docketed in this court September 13, 1985. The case was submitted for decision without oral arguments November 1, 1985.

ney prior to making a statement only in the event he was subjected to a polygraph test, and that he made a request for an attorney for no other times or for any other purposes."

Berry now contends that the trial court's finding on remand was not supported by the evidence. We disagree.

"Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal. *Crawford v. State*, 245 Ga. 89 (2) (263 SE2d 131) (1980); *Gates v. State*, 244 Ga. 587, 590-591 (261 SE2d 349) (1979) cert. den. 445 U. S. 938 (1980)." *Berry v. State*, supra, 254 Ga. at 104.[2] Here, Berry testified at the *Jackson v. Denno* hearing that he requested an attorney during the course of the first custodial interrogation. However, one of the investigating officers, in response to a question by the court as to whether Berry had ever requested a lawyer, stated that Berry had requested a lawyer only in the event he was given a polygraph exam. Based on this evidence, we conclude that the trial court's finding on remand was not clearly erroneous.

Berry also contends that the trial court should have held a hearing on remand. We disagree. As noted in our opinion in *Berry*, supra, 254 Ga. at 104, the trial court was directed to hold a further hearing "if need be." It is clear that the trial court determined that further evidence was unnecessary for it to make the required ruling. In view of the evidence presented at the *Jackson v. Denno* hearing during the trial of the case, we find no abuse of discretion.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 25, 1986.

*Strickland & Chesnutt, Samuel L. Chesnutt,* for appellant.

*Timothy G. Madison, District Attorney, T. David Motes, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Staff Assistant Attorney General,* for appellee.

---

[2] Berry argues that we should abandon the "clearly erroneous" standard in cases where the trial court is directed to enter findings and conclusions on remand. Berry offers no reason for doing so, and we decline to adopt his suggestion.