72160. HOWARD v. THE STATE.
(343 SE2d 151)

BANKE, Chief Judge.

On appeal from his conviction of burglary, the defendant contends that the trial court erred in failing to grant his motion for directed verdict of acquittal.

The burglary was observed while in progress by a neighbor who lived across the street. This neighbor saw an unfamiliar yellow car parked in the driveway of the burglarized house with its trunk open and attempted to block the vehicle's exit by driving his car into the driveway behind it. However, the driver of the yellow vehicle was able to reach the roadway by driving across the yard and going over the curb. A passing fire department employee, driving a fire department pickup truck, observed the yellow vehicle as it was performing this maneuver and followed it to a salvage yard, where he observed its driver get out, close the trunk, and drive off again in the direction of the interstate. The fire department employee thereafter lost sight of the vehicle, but not before obtaining its license tag number and radioing the police to notify them of what he had observed.

Lt. Rowell of the DeKalb County Police Department responded to the radio lookout by driving his patrol car to a nearby interstate

entrance ramp, where he soon observed the yellow vehicle pass by, identifying it by its tag number. He began pursuit and was joined soon thereafter by another patrol car. The yellow vehicle ultimately exited the interstate, jumped a curb, and collided with a sign post, following which its driver escaped on foot into a wooded area. Lt. Rowell, who had observed the suspect from a distance of 20 or 30 feet as he exited the vehicle, immediately broadcast a lookout for a black male wearing a black shirt, shiny black parachute pants, and white tennis shoes.

For about an hour, various police officers participated in an unsuccessful search of the area. They then departed, leaving only Officer Newsome, a plain clothes policeman in an unmarked car, to continue the surveillance. After about 10 minutes, Officer Newsome observed a man meeting the description provided by Lt. Rowell come out of the woods and walk across the street into a K-Mart. This person was subsequently arrested at the K-Mart, following which Lt. Rowell was summoned back to the area to make an identification. Rowell positively identified the arrestee as being the driver of the yellow car he had chased. Also, an expert in fingerprint identification testified that in his opinion a latent fingerprint lifted from the outside of the driver's door of the yellow vehicle matched the left index fingerprint appearing on the defendant's fingerprint card.

The defendant denied any involvement in the burglary, testifying that, while on his way to a friend's apartment by foot, he had stepped into the woods to urinate and had then crossed the road and gone into the K-Mart to purchase cigarettes. *Held*:

The evidence was sufficient to enable a rational trier of fact to find the defendant guilty of burglary beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89 (1) (263 SE2d 131) (1980). It follows that the trial court did nor err in denying the defendant's motion for a directed verdict of acquittal.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MARCH 20, 1986.

*Melissa M. Nelson*, for appellant.

*Robert E. Wilson, District Attorney, Madeline S. Griffin, R. Stephen Roberts, Assistant District Attorneys*, for appellee.