S89A0088. GORDEN v. THE STATE.
(387 SE2d 333)

HUNT, Justice.

Linda Diane Gorden, also known as Diane Porter, was tried and convicted in Tift County for the April 7, 1988, murder of Bernice McKinney and the theft by taking of the victim's automobile.[1] She was

---

[1] The killing occurred on April 7, 1988, and the defendant was arrested on April 26. She was indicted by a grand jury on June 6, 1988, tried and convicted on December 14. The

given a life sentence for the murder and ten years, concurrently, on the other charge. She enumerates as error only the general grounds.

The partly decomposed body of the elderly male victim was discovered in his home on April 13, 1988. He was last seen alive on April 7, and died of blows to the head. Before he died he expressed to his relatives his fear of the defendant because he "felt like she was trying to do something to him." The defendant, who had lived with him for the past three months, was found in possession of his car and some of his personal papers in Fitzgerald on April 26. A bloody shirt and washcloth were found in the trunk of the automobile.

On April 6, the defendant tried to sell a silver "boom box" belonging to the victim and stated to a witness that she was returning to Tifton to get some money and there might be "serious trouble." She was seen on the porch of the victim's home the afternoon of April 7. When she returned to Fitzgerald after April 7, she had the victim's wallet containing some money. She later attempted to get the victim's car repaired, telling the mechanic she had purchased the car in Tifton.

After her arrest on April 26, a cell-mate testified the defendant told her the victim was wrapped in blankets, a fact that was neither publicly known nor revealed to the defendant by a detective, as she claimed. In her statement accounting for her time around the date of the victim's death, she said she had been with the victim as late as April 11, but she later admitted that she had confused the dates, but not the facts.

Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 24, 1990.

*L. Clark Landrum,* for appellant.
*David E. Perry, District Attorney, Michael J. Bowers, Attorney General, Richard C. Litwin,* for appellee.

transcript was certified on February 7, 1989. Her motion for new trial was timely filed and overruled on February 16. Her notice of appeal was filed on March 15, docketed in this court on June 6, and submitted for decision on July 21, 1989.