## S90A0226. MERCADO v. THE STATE.
### (390 SE2d 39)

HUNT, Justice.

    Raul Mercado, was sentenced to life in prison for malice murder, arising from the death of Ismael Aguirre-Franque in Fulton County on May 27, 1988.[1] His sole enumeration of error is the sufficiency of the evidence. We affirm.

    The defendant had been bested in an argument with the victim two weeks earlier at La Cantina on Moreland Avenue in Atlanta. On the evening of May 26, the defendant walked into the same bar, was asked to leave by an employee, and did so. The victim had been there the whole evening.

    At about 1:00 a.m., Carlos Verdin, a friend of the owner, exited the back door of the bar and found the victim lying on the ground, bleeding. He looked up and saw the defendant standing at the corner of the building; then saw him come in the front door of the bar when he went back in to get help for the victim. The owner of the bar saw someone running away when he went out to investigate the killing.

    The victim died of multiple stab wounds, including two deep into the chest. No one identified the victim to the police or EMT's, although many knew him. After being interviewed at the police station, the witnesses returned to the closed cantina to discuss the evening's events. They testified that at about 3:00 a.m., the defendant telephoned and asked to speak to Verdin. Verdin testified he recognized the voice of the defendant, who identified himself and said he knew that Verdin knew he had killed the victim and not to tell the police or one of his children would be harmed. Verdin also reported that the defendant came to his house the next morning to issue the same threat and to prevent Verdin from going to the police station to report their telephone conversation.

    Jackie Poole, the manager of La Cantina, who had not been present earlier that evening, also spoke to the defendant on the telephone, and was told by the defendant he had killed the victim be-

---

[1] The killing occurred on May 27, 1988. Mercado was arrested in October, indicted on December 20, 1988, and convicted and sentenced on April 5, 1989. He filed his motion for new trial on April 21, which was overruled on September 14, and filed his notice of appeal on October 13. The case was docketed here on November 17, and submitted for decision on January 4, 1990.

cause the victim had beaten him in the earlier fight and not to report him or he would "get her."

On the strength of these reported telephone calls, a warrant was issued for the defendant's arrest, but he was not arrested until he walked back into the bar about 5 months later.

The defendant denied having killed the victim or having remained at the bar that evening. He also denied having called or threatened Verdin or Poole and opined they were covering up for someone else in telling the police that he had called, admitted the killing, and threatened them. He knew the police were looking for him, but did not turn himself in. He maintained he would have left the United States and gone to Mexico, Canada or Brazil, where he also has family, if he were guilty.

Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 12, 1990.

*James Steven Purvis*, for appellant.

*Lewis R. Slaton*, District Attorney, *Michael J. Bowers*, Attorney General, *C. A. Benjamin Woolf*, for appellee.